Neil BRENNAN, Plaintiff,

v.

ARKAY INDUSTRIES, INC., Defendant.

No. C–3–94–534.

United States District Court,
S.D. Ohio,
Western Division.

Jan. 4, 1996.

Deborah J. Adler, Altick & Corwin, Dayton, OH, for Plaintiff. .

Wayne E. Waite, Freund, Freeze & Arnold, Dayton, OH, James A. Mills, Denlinger, Rosenthal & Greenberg, Cincinnati, OH, for Defendant.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND AND DECLARING OTHER MOTIONS MOOT

MERZ, United States Magistrate Judge.

This case is before the Court on Plaintiff's Motion for Leave to File ... Amended and Supplemental Complaint, (Doc. 18), Defendant's Motion for Partial Summary Judgment, (Doc. 20), Defendant's Motion to Strike ... Affidavits ... (Doc. 27), and Plaintiff's Rule 56(f) Motion (Doc. 29). The parties have fully briefed the issues, (Doc. 18, 25, 30, 31, 20, 24, 27, 28, 29), and the matters are ripe for decision.

The parties have consented to plenary Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

### I. Plaintiff's Motion to Amend

Plaintiff Neil Brennan ("Brennan") originally filed this action against Defendant Arkay Industries ("Arkay") in the Common Pleas Court of Montgomery County, Ohio, seeking damages for Arkay's alleged breach of contract, breach of its duty to insure him for disability coverage for 60 days after the termination of his employment, breach of its fiduciary duty of confidentiality, and for negligent and intentional infliction of emotional distress. See, Doc. 1, Ex. A attached thereto. Arkay removed the case to this Court on the basis of diversity of citizenship. (Doc. 1).

This Court entered a Scheduling Order on January 18, 1995, which, inter alia, set October 31, 1995, as the discovery cut-off date and November 15, 1995, as the last date to file dispositive motions. (Doc. 5). The parties then engaged in discovery, apparently without dispute. See, e.g., Doc. 6, 7, 15, 16, 17. On November 15, 1995, Brennan filed his Motion for Leave to File ... Amended and Supplemental Complaint. (Doc. 18). Attached to that Motion is a copy of Brennan's proffered Amended Complaint. Id.

Fed.R.Civ.P. 15(a) provides that leave to amend, "shall be freely granted when justice so requires." The determination of whether a party should be allowed to amend a pleading is left to the discretion of the district court and the district court may only be reversed if it abused its discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the absence of any apparent or declared reason such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, the leave sought should, as Rule 15(a) requires, be freely given. See, Id.

Delay alone is insufficient grounds for denying a motion to amend. Janikowski v. Bendix Corp., 823 F.2d 945 (6th Cir.1987). There must be at least some significant showing of prejudice to the opponent if the motion is to be denied. Id. However, the longer the period of unexplained delay, the less will be required of the nonmoving party to show prejudice. Minor v. Northville Public Schools, 605 F.Supp. 1185 (E.D.Mich. 1985). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. Foman, supra; Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1259 (6th Cir.1990).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). Hoover v. Langston Equip. Assocs., 958 F.2d 742, 745 (6th Cir.1992); Martin v. Associated Truck Lines, Inc., 801 F.2d 246, 248 (6th Cir.1986); Marx v. Centran Corp., 747 F.2d 1536 (6th Cir.1984), cert. denied, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985); Communications Systems, Inc. v. City of Danville,

880 F.2d 887 (6th Cir.1989); *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983); *Neighborhood Development Corp. v. Advisory Council,* 632 F.2d 21, 23 (6th Cir.1980).

Brennan seeks, by way of amendment, to add six new parties and theories of recovery to this action. The Court will separately address each new party and the associated claims.

### 1. Sharon K. Brennan

Brennan first seeks to add his wife, Sharon K. Brennan, as a plaintiff. Brennan argues that his wife should be permitted to bring a claim for loss of consortium.

As noted above, Brennan originally filed this action in state court on October 4, 1994, alleging that Arkay was liable to him for breach of contract and for various tortious acts. Now, over one year later, Brennan seeks to amend to include his wife's claim for loss of consortium.

■ Brennan offers absolutely no justification or explanation for the extraordinary delay in moving to amend to include his wife's claim for loss of consortium. While delay alone may be insufficient grounds for denying a motion to amend, it is clear to this Court that permitting such an amendment would be prejudicial to Arkay. Brennan and his wife have both been deposed at length. *See,* Deposition of Neil Brennan, Feb. 21, 1995 [filed May 14, 1995]; Deposition of Sharon K. Brennan, Oct. 23, 1995 [filed Dec. 7, 1995]. At no time, until now, has Brennan or Mrs. Brennan suggested that they intended to bring a claim for loss of consortium.

In contrast to Brennan's ERISA claims, *see, infra,* there are no strong policy reasons for allowing this amendment which would outweigh the delay and prejudice factors. The motion to amend is DENIED with respect to Sharon K. Brennan's claim for loss of consortium.

### 2. E.B.A. Administrative Services, Inc.

In his proposed Amended Complaint, Brennan alleges that E.B.A. Administrative Services, Inc. ("EBA") is the contract administrator for Arkay. Brennan essentially al-leges that EBA wrongfully denied his application for short term disability benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. 1001, *et seq.* ("ERISA"). In an associated new claim against Arkay, Brennan alleges that Arkay violated ERISA when it failed to provide him with a copy of its plan documents as he had requested.

■ One of the primary purposes of ERISA is the protection of ERISA plan participants and beneficiaries. This is reflected in Congress' stated findings and declaration of policy, *see, e.g.,* 29 U.S.C. § 1001, as well as the creation of a cause of action based on alleged violations of the statutes. *See, e.g.,* 29 U.S.C. § 1132. In other words, it is clear to this Court that Congress intended to provide ERISA plan participants and beneficiaries with a means by which they may protect their pension plan and welfare plan benefits and rights.

With these principles in mind, the Court concludes that Brennan ought to be permitted to bring his ERISA claims against Arkay in this action. However, it is clear to the Court that Brennan has been on notice of the involvement of ERISA in this litigation since at least December 19, 1994. *See,* Doc. 2 at ¶ 25. Accordingly, while the Court will permit Brennan to amend his complaint to include his ERISA claims against Arkay, the expense of any discovery related to those claims will be borne by Brennan.

■ As to E.B.A. Administrative Services, Inc., the Motion to Amend to add it as a party is DENIED. Adding a party after the close of discovery would require, in fairness to the added party, that the case essentially be begun over again. Likewise, it would destroy unanimity of consent to magistrate judge trial jurisdiction and therefore require reassignment of this case to an Article III judge, at least until E.B.A.'s consent could be sought. Plaintiff is free to file a separate action against E.B.A., but adding it to this case would not be conducive to judicial economy.

### 3. Insurance Company of North America

Brennan seeks to add Insurance Company of North America as a defendant alleging that it had a contract of excess loss insurance in effect with Arkay which may cover a part or all of his claims and that if he is successful in this action, the insurance company may ultimately be liable under the policy.

Claims of this nature against liability insurance companies are prohibited prior to final judgment by Ohio Revised Code § 3929.06. Stated differently, § 3929.06 requires the application of the proceeds of insurance to satisfy an existing judgment and are available only when a final judgment has been entered against the insured.

Brennan simply has no direct cause of action against the Insurance Company of North America and allowing him to amend his complaint to add the insurance company as a defendant would be a futile act.

### 4. Great American Insurance Company

In his memorandum in support of his Motion for Leave, Brennan argues that he moves to amend to add Great American as a defendant on the basis that Great American has a policy of insurance that, upon inspection, potentially covers his disability losses. However, Brennan's proffered Amended Complaint makes no reference whatsoever to Great American. Therefore, it is impossible for the Court to determine what legal theory Brennan relies on for his claim against Great American.

In any event, any direct claim against Great American on the basis that it may provide liability coverage for Arkay is prohibited by O.R.C. § 3929.06.

### 5. Rush Dees

Brennan seeks to add Rush Dees, individually, as a new defendant. Brennan alleges that Dees is Arkay's agent and that it was through Dees that Arkay and Brennan entered into the employment contract at issue which Brennan alleges Arkay breached.

Brennan has not articulated, nor is this Court aware of, any legal basis which would hold Dees individually liable for a contract allegedly entered into on behalf of Arkay, his employer. While Arkay may certainly be held liable for Dees' actions taken in the course and scope of his employment, see, e.g., Osborne v. Lyles, 63 Ohio St.3d 326, 587 N.E.2d 825 (1992), there is not authority to support the converse. Accordingly, allowing Brennan to amend his complaint to include Dees as a defendant would be futile.

### 6. John Kuhnash

Brennan identifies John Kuhnash as Arkay's agent and seeks to add him, individually, as a defendant. Brennan alleges that Arkay, through Kuhnash, breached its fiduciary duty of confidentiality.

The Court's analysis and conclusion with respect to Brennan's attempt to name Dees as a defendant applies equally to Brennan's attempt to name Kuhnash as a defendant.

Consistent with the foregoing, Plaintiff's Motion to Amend is GRANTED to the extent that he shall be permitted to amend his complaint to include his ERISA claims against Arkay and DENIED in all other respects. Additional discovery in this case shall be limited to the ERISA claims and Plaintiff shall bear the expense of such discovery. Plaintiff shall file his Amended Complaint, which shall be consistent with this Decision, not later than January 16, 1996.

In view of the Court's conclusion with respect to Plaintiff's Motion to Amend, the Court finds that Defendant's Motion for Partial Summary Judgment, Defendant's Motion to Strike ... Affidavits, and Plaintiff's Rule 56(f) Motion, all of which are directed to Plaintiff's original Complaint, are moot. Therefore, those Motions are DENIED as moot without prejudice to renewal at a later time.

Finally, the trial date of March 25, 1996, is VACATED and the case is hereby set for scheduling conference by telephone at 8:45 a.m. on February 6, 1996.