[Cite as *Flynn v. Fairview Village Retirement*, 2013-Ohio-569.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95695**

# JOHN T. FLYNN, ET AL.

PLAINTIFFS-APPELLEES

vs.

# FAIRVIEW VILLAGE RETIREMENT, ETC., ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-715680

**BEFORE:** Boyle, J., Stewart, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**ATTORNEYS FOR APPELLANTS SABER HEALTHCARE GROUP, L.L.C., ET AL.**

James P. Myers
Paul-Michael Lafayette
Brant Poling
Poling Petrello
1100 Superior Avenue
Suite 1110
Cleveland, Ohio    44114

**ATTORNEYS FOR APPELLEES**

**For John T. Flynn, et al.**

David H. Krause
Joyce E. Carlozzi
Seaman Garson, L.L.C.
1600 Rockefeller Building, 16th Floor
614 West Superior Avenue
Cleveland, Ohio    44113

**For Michael Francus**

Dirk E. Riemenschneider
Buckingham, Doolittle & Burroughs
One Cleveland Center, #1700
1375 East Ninth Street
Cleveland, Ohio    44114

MARY J. BOYLE, J.:

{¶1} This appeal is before this court on remand from the Ohio Supreme Court for application of *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270.

{¶2} The underlying case involves a nursing home negligence action filed by plaintiffs-appellees, John T. Flynn and Judy Gordon, executors of the estate of Gladys F. Feran, deceased, against appellants, Fairview Village Retirement Community, Ltd., d.b.a. Larchwood Village Retirement Community, Saber Healthcare Group, L.L.C., and Saber Management, Inc., as well as Michael Francus, owner of Larchwood Village Retirement Community, and several unknown entities and individuals. Appellees' complaint alleges negligence, violation of the Ohio Nursing Home Patients' Bill of Rights, violation of federal law under C.F.R., Title 42, wrongful death, and falsification of medical records. Appellees request both compensatory and punitive damages.

{¶3} Appellants moved to bifurcate the trial to separate appellees' claims for compensatory damages from their claims for punitive damages, pursuant to R.C. 2315.21(B)(1). The common pleas court denied the motions, and appellants appealed.

{¶4} This court sua sponte dismissed the appeal for lack of a final, appealable order under R.C. 2505.02. The Ohio Supreme Court accepted the appellants' appeal of our dismissal and ultimately concluded that a denial of a motion to bifurcate under R.C. 2315.21(B) is a final, appealable order under R.C. 2505.02(B)(6). *Flynn v. Fairview*

*Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 2012-Ohio-2582, 970 N.E.2d 927, ¶ 8. The court noted that under R.C. 2505.02(B)(6), "an order is a final, appealable order if it is '[a]n order determining the constitutionality of * * * any changes made by Sub.S.B. 80 of the 125th general assembly, including the amendment of section * * * 2315.21 of the Revised Code.'" *Id.* at ¶ 6. The court further explained that "by denying appellants' motion to bifurcate under R.C. 2315.21(B), the trial court implicitly determined that the S.B. 80 amendment to the statutory provision is unconstitutional, i.e., that Civ.R. 42(B) prevails over the conflicting statutory provision." *Id.* at ¶ 7.[1]

{¶5} We now turn to the application of *Havel,* 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, to the appellants' appeal of the trial court's denial of their motions to bifurcate under R.C. 2315.21(B). In *Havel*, the Ohio Supreme Court answered a certified question as to the constitutionality of R.C. 2315.21(B), holding that R.C. 2315.21(B) creates a substantive right to bifurcation in tort actions where both compensatory and punitive damages are sought, and therefore, it does not violate the separation of powers required by the Ohio Constitution. *Id*. at ¶ 5. In reaching this conclusion, the court expressly rejected the idea that a trial court could refuse to bifurcate punitive damages from compensatory damages in a tort action pursuant to Civ.R. 42(B); instead, the court held that "R.C. 2315.21(B) supersedes Civ.R. 42(B)."

---

[1] We note that whereas R.C. 2315.21(B) provides for mandatory bifurcation of compensatory and punitive damages in a tort action upon the motion of any party, Civ.R. 42(B) vests a trial court with discretion to order a separate trial of any claim or issue when doing so would promote convenience, avoid prejudice, or when it would be economically prudent or efficient to do so.

*Id.*

**{¶6}** Applying *Havel* to the instant case, we find that the trial court erred in denying appellants' motions to bifurcate. Under R.C. 2315.21(B), the trial court has no discretion to deny a motion to bifurcate the punitive damages issue in a tort case when a party files a motion requesting bifurcation. *Havel* at ¶ 26. Indeed, "R.C. 2315.21(B) creates a substantive right to bifurcation in tort actions when claims for compensatory and punitive damages have been asserted." *Id.* at ¶ 36. Here, appellants filed a motion requesting bifurcation, which appellees did not oppose. Given that Civ.R. 42(B) is superseded by R.C. 2315.21(B), the trial court's decision denying the motion to bifurcate constitutes reversible error.

**{¶7}** Accordingly, we sustain appellants' sole assignment of error, reverse the judgment of the trial court, and remand for further proceedings.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, A.J., and
SEAN C. GALLAGHER, J., CONCUR