[Cite as *Luri v. Republic Servs., Inc.*, 2014-Ohio-3817.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100539**

---

## RONALD LURI

PLAINTIFF-APPELLANT

vs.

## REPUBLIC SERVICES, INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-07-633043

**BEFORE:** Celebrezze, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 4, 2014

**ATTORNEYS FOR APPELLANT**

Irene Keyse-Walker
Benjamin C. Sasse
Tucker Ellis, L.L.P.
950 Main Avenue, Suite 1100
Cleveland, Ohio   44113

Richard C. Haber
Shannon J. Polk
Haber Polk Kabat, L.L.P.
737 Bolivar Road, Suite 4400
Cleveland, Ohio   44115

Michelle Pierce Stronczer
Pierce Stronczer Law, L.L.C.
P.O. Box 470606
Cleveland, Ohio   44147


**ATTORNEYS FOR APPELLEES**

Robin G. Weaver
Trevor G. Covey
Squire Sanders (US), L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio   44114

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Ronald Luri, brings this appeal from the trial court's decision to grant appellees, Republic Services, Inc. ("Republic"), Republic Services of Ohio Hauling, L.L.C. ("Ohio Hauling"), Republic Services of Ohio I, L.L.C. ("Ohio I"), Jim Bowen ("Bowen"), and Ron Krall ("Krall") (collectively known as "appellees"), a new trial. On remand from the Ohio Supreme Court for the application of its decision in *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270 ("*Havel*"), the trial court found that bifurcation on motion was required and ordered a new trial. Luri claims that the trial court erred when it found the Ohio Supreme Court's decision required a new trial. After a thorough review of the record and law, we affirm the trial court's decision.

## I. Procedural History

{¶2} This court has previously recited the factual and procedural posture of this case in *Luri v. Republic Servs.*, 193 Ohio App.3d 682, 2011-Ohio-2389, 953 N.E.2d 859 (8th Dist.). After our decision, appellees appealed to the Ohio Supreme Court for review of our holding that the mandatory bifurcation provision in R.C. 2315.21 was unconstitutional. Luri separately appealed this court's application of punitive damages caps. The Ohio Supreme Court accepted review of both appeals and stayed briefing for its decision in a pending case dealing with the same bifurcation statute, *Havel*. On July 3, 2012, the Ohio Supreme Court remanded the case to the trial court for application of its decision in *Havel*. The court also dismissed Luri's appeal as moot.

**{¶3}** The trial court allowed the parties to brief the impact of *Havel* on the case and held a hearing. The court issued a decision and entry on October 4, 2013. There, the court found that bifurcation on motion was required and its prior failure to grant appellees' motion required a new trial. It also addressed Luri's arguments that any error was harmless or invited. The trial court found that the error was neither.

**{¶4}** Luri then filed the instant appeal assigning one error:

I. The trial court erred when it vacated the 2008 judgment on a jury verdict and ordered a new trial.

## II. Law and Analysis

### A. Standard of Review

**{¶5}** This court reviews the trial court's decision to grant a new trial following remand differently based on the type of decision. If the determination is a matter of law, this court's review is de novo. However, if the decision calls for the exercise of the court's discretion, it is reviewed for an abuse of that discretion. *Rohde v. Farmer*, 23 Ohio St.2d 82, 262 N.E.2d 685 (1970), paragraphs one and two of the syllabus. A de novo standard of review gives no deference to the lower court's determination, while an abuse of discretion standard recognizes that the trial court is in the best position to resolve the issue and gives deference to the court's decision absent an arbitrary, unconscionable, or unreasonable exercise of discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Here, the trial court determined that it had no discretion because bifurcation was mandatory. So, as a matter of law, a new trial was required. It also

determined, as a matter of law, that the error was not harmless. *See Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 23 (whether an error prejudices a substantial right is a question of law).

## B. Application of *Havel*

**{¶6}** The Ohio Supreme Court determined that bifurcation as outlined in R.C. 2315.21(B) created a substantive right, which takes precedence over the discretionary bifurcation provision in Civ.R. 42(B). *Havel* at the syllabus. It held that R.C. 2315.21(B) "does more than set forth the procedure for the bifurcation of tort actions: it makes bifurcation mandatory." *Id*. at ¶ 25.

**{¶7}** This court has previously addressed the bifurcation requirement after *Havel*. *Flynn v. Fairview Village Retirement Community Ltd.*, 8th Dist. Cuyahoga No. 95695, 2013-Ohio-569, ¶ 6. Applying the holding in *Havel*, this court held, "the trial court erred in denying appellants' motions to bifurcate. Under R.C. 2315.21(B), the trial court has no discretion to deny a motion to bifurcate the punitive damages issue in a tort case when a party files a motion requesting bifurcation." As Luri points out, this does not end the inquiry in this case. Luri claims that a new trial was not mandated by the decision in *Havel* because it is procedurally distinguishable from the present case. In many of the cases dealing with the constitutionality of R.C. 2315.21(B) decided by courts of appeals, the appeal was taken from an order denying or granting a motion to bifurcate. *See, e.g., Havel*. Luri distinguishes the present case by pointing out that appellees failed to immediately appeal the bifurcation decision and a full trial has taken place.

**{¶8}** Luri argues that Republic invited the error by moving the court for bifurcation under both the discretionary Civ.R. 42(B) and the mandatory statute. Often motions are made with alternative arguments. The fact that Republic moved under both provisions for bifurcation did not invite any error.

**{¶9}** Parties are not guaranteed a trial free from error. Only errors that prejudicially affect a substantial right are reversible. *Hayward*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, at ¶ 24. "Under the concept of harmless error, it is neither prudent nor appropriate for this court to order a trial court to remedy an error that does not affect the outcome of the case; i.e., 'this court may not reverse the trial court unless a substantive right is affected.'" *Children's Hosp. Med. Ctr. of Akron v. S. Lorain Merchs. Assn. Health & Welfare Benefit Plan & Trust*, 9th Dist. Summit No. 22881, 2006-Ohio-2407, ¶ 7, quoting *Kelley v. Cairns & Bros., Inc.*, 89 Ohio App.3d 598, 608, 626 N.E.2d 986 (9th Dist.1993), citing *Leichtamer v. Am. Motors Corp.*, 67 Ohio St.2d 456, 474-475, 424 N.E.2d 568 (1981). Therefore, even though bifurcation was mandatory, a new trial is not required where the error is harmless.

**{¶10}** The trial court must and did analyze whether the failure to bifurcate was harmless error. *See* Civ.R. 61; R.C. 2309.59. Republic argues that no such analysis is required based on the Ohio Supreme Court's holding in *Havel*. If the trial court's duty was simply to order a new trial, the Ohio Supreme Court could have easily remanded the case for a new trial. It did not. The court remanded the case to the trial court for application of *Havel* — a procedurally different case that did not address whether the

failure to bifurcate caused harm. Therefore, this court must determine whether the failure to bifurcate prejudicially impacted a substantial right.

{¶11} The evidence introduced at trial that appellees argued should have been reserved for the punitive damages phase falls into two categories — evidence of wealth and evidence of malice. Evidence that Republic employees fabricated evidence in an attempt to establish that Luri was terminated for cause was introduced to demonstrate malice. This evidence of malice is so intertwined with appellees' defense that it cannot feasibly be left out of the compensatory damage phase. This evidence was used by Luri to rebut appellees' arguments that Luri was terminated for cause.

{¶12} Evidence of wealth was also the subject of testimony during trial. Luri's cross-examination of a Republic executive brought forth, at first unsolicited, information about Republic's value as a company. Without prompt, the executive offered that the company was worth $3 billion. As a follow-up, Luri's attorney inquired if Republic earned $300 million in profits last year. Luri then relied on this information in closing arguments. The trial court found this constituted harm enough to grant Republic a new trial. In fact, "[t]he most common reason for bifurcating is to exclude evidence of the defendant's wealth or net worth from the compensatory damages phase * * *." *Cain v. Pittsburgh Corning Corp.*, 9th Cir. Nos. 90-16668, 90-16802, 90-16669, 90-16803, 1992 U.S. App. LEXIS 8568, 3-4 (Apr. 20, 1992). *See also S.S. v. Leatt Corp.*, N.D.Ohio No. 1:12 CV 483, 2014 U.S. Dist. LEXIS 12192 (Jan. 31, 2014).

{¶13} In *Volpe v. Heather Knoll Retirement Vill*age, 9th Dist. Summit No. 26215, 2012-Ohio-5404, the Ninth District applied *Havel* to a decision by the trial court denying bifurcation and found that it was unnecessary to disturb a jury award after trial. In that case, the jury had awarded significant compensatory damages, but declined to award any punitive damages. The court held that the trial court's refusal to bifurcate "the trial and giving an instruction on punitive damages was harmless because it did not affect [the defendants'] substantial rights." *Id*. at ¶ 20. This was because the complained of error, an improper jury instruction on punitive damages, was normally remedied by vacation of the punitive damages award. There was no punitive damages award in that case. The lack of prejudice that runs through *Volpe* is not present here. Luri was awarded significant compensatory and punitive damages where evidence of wealth and jury instructions on both types of damages were presented in a single trial after motion for bifurcation. According to the holding in *Havel*, Republic was entitled to have those issues tried separately, and this court cannot say that the error did not affect the outcome. Luri solicited some of this evidence and relied upon it forcefully during closing arguments.

### III. Conclusion

{¶14} The trial court properly applied the holding in *Havel* on remand from the Ohio Supreme Court. The failure to bifurcate likely impacted a substantial right of the appellees, requiring a new trial.

{¶15} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., CONCURS;
MELODY J. STEWART, J., CONCURS WITH SEPARATE OPINION


MELODY J. STEWART, J., CONCURRING:

{¶16} I reluctantly concur with the majority decision to affirm the trial court's granting of a new trial in this case. Although I agree fully with the majority's conclusions that (1) the remand from the Supreme Court to apply *Havel* does not automatically require a new trial but requires a harmless error analysis; and (2) that the appellees did not invite error by alternatively moving the trial court for bifurcation pursuant to Civ.R. 42(B), I am not as sure about the majority's conclusion that the "failure to bifurcate likely impacted a substantial right of the appellees." Ante at ¶ 15. But I concur nonetheless.

{¶17} As the majority and both sides note, the taint of appellees' malicious conduct evidence is not at issue in this appeal. The appellees' position is solely that

because evidence of their size, wealth, and net worth was improperly put before the jury, they were prejudiced. But the appellees fail to show how they were prejudiced. Like the Ninth District found in *Volpe*, the appellees' assertion in this matter is really "purely speculative." However, I understand the practical reasons for excluding this kind of information from the compensatory phase of a trial.

{¶18} The appellees state in their brief that the record makes clear that they were prejudiced by the failure to bifurcate and consequently the introduction of evidence relating to the company's wealth, size, and profits during the liability phase of the trial, but nowhere does Republic point to the clarity of this prejudice. Republic merely asserts that the evidence relating to their wealth, size, and profits "resulted in the largest employment verdict ever in Ohio." This contention, however, does nothing to show the nexus between the evidence and its generating "the largest employment verdict ever." To say that the amount of the award, in and of itself, speaks to the prejudice caused by the evidence is merely a statement of a post hoc ergo propter hoc relationship. The appellees point to nothing in the record or make any kind of cogent argument of how the wealth-net worth information impacted the jury's decision regarding liability and compensatory damages; especially with the jury knowing that it had the ability to award punitive damages if indeed it found liability.

{¶19} To be sure, evidence of the appellees' profits or net worth is completely irrelevant to the issue of liability and compensatory damages, but the erroneous admission of evidence that is not relevant does not mean that the evidence was necessarily

considered, nor does it automatically demonstrate prejudice. *See Canterbury v. Skulina*, 11th Dist. Portage No. 2000-P-0060, 2001-Ohio-8768, *8-9. But I agree that, to the extent the jury may have relied on the evidence at all when deciding the award for compensation, such reliance would be improper.[1]

**{¶20}** Although the trial court opined that the failure to bifurcate was not harmless, it rendered its decision primarily based on the fact that the Supreme Court in *Havel* found that R.C. 2315.21(B) creates a substantive, enforceable right to have evidence of compensatory damages and punitive damages presented separately. The trial court therefore concluded that the deprivation of this substantive right is a denial of substantial justice. The court relied on paragraph two of the syllabus to *Taylor v. Schlichter*, 118 Ohio St. 131, 144, 160 N.E. 610 (1928), that states: "a judgment does not and cannot accomplish substantial justice when the record makes clearly manifest the fact that substantive rights guaranteed by the law and the Constitution have been denied the party against whom the judgment operates." In other words, this quote suggests that the denial of a substantive right alone is enough to deny substantial justice and no further analysis need take place.

**{¶21}** In *Taylor*, during a trial on an alleged breach of a promise to marry, the trial court withdrew all questions of fact from the jury's consideration and decided them itself.

---

[1] It could certainly be argued that, to the extent that the financial information impacted the jury verdict at all, it appears that the impact is demonstrated in the punitive damages award where the evidence would have properly been considered. And if the malicious conduct evidence was improperly before the jury at the liability phase of the trial, the appellees would certainly have a stronger argument regarding taint. But as previously mentioned, that is not the case here.

After the jury returned a verdict in an amount the court found excessive, it remitted the amount. In affirming the trial court, the court of appeals found that the trial court's judgment accomplished substantial justice. The Supreme Court reversed.

{¶22} If the position in *Taylor*, that a judgment cannot accomplish substantial justice when a substantive right has been denied the party against whom the judgment operates, is controlling law of this state, then it is more perplexing that the Supreme Court did not simply remand this case to the trial court for a new trial instead of the more ambiguous mandate to apply *Havel*. Not doing so suggests that an after-trial review of the trial court's denial of a motion to bifurcate is indeed subject to a harmless error analysis — as we have applied in this case, and as did the Ninth District in *Volpe*. To apply the language in *Taylor* to this case would be equivalent to telling parties who have bifurcation requests denied that they can proceed to trial and get an automatic do over of the trial if they lose. This would be so even if minimal or no prejudicial evidence of any kind was presented in the compensatory phase of the trial. I submit that this outcome would contravene "substantial justice."