[Cite as *Luri v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, 2019-Ohio-1440.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107412**

---

**RONALD LURI**

PLAINTIFF -APPELLANT

vs.

**NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-696383

**BEFORE:** Keough, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 18, 2019

**ATTORNEYS FOR APPELLANT**

Andrew A. Kabat
Daniel M. Connell
Shannon J. Polk
Haber, Polk & Kabat
1300 West 78th Street, Suite 305
Cleveland, Ohio 44102


**ATTORNEYS FOR APPELLEES**

Steven G. Janik
Crystal Lynn Maluchnik
Janik, L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147

Robert T. Glickman
McCarthy, Lebit, Crystal & Liffman Co.
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115


KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Ronald Luri ("Luri"), appeals from the trial court's judgment granting the motions for summary judgment of defendants-appellees, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), American Home Assurance Company ("American Home"), and American International Group, Inc. ("AIG") (collectively "appellees"). For the reasons that follow, we affirm.

## I. Background

**A.      Underlying Litigation**

{¶2} In August 2007, in Cuyahoga C.P. No. CV-07-633043, Luri filed suit against Republic Services, Inc., Republic Services of Ohio Hauling, L.L.C., Republic Services of Ohio I, L.L.C., Jim Bowen, and Ron Krall (collectively "Republic"), alleging wrongful discharge and termination based on his refusal to comply with Republic's directive that he terminate older employees and replace them with younger candidates. The case proceeded to trial, and the jury returned a verdict in favor of Luri, awarding him $3,500,000 in compensatory damages and $43,108,599 in punitive damages. On July 8, 2008, the trial court entered judgment on the jury's verdict.

{¶3} After filing a supersedeas bond that stayed execution of the judgment, Republic appealed the judgment to this court, arguing that the trial court erred in denying its motion to bifurcate Luri's punitive damages claim under R.C. 2315.21(B)(1), and in not applying the statutory cap on punitive damages. This court affirmed the trial court's denial of Republic's motion to bifurcate punitive damages, but reversed the trial court's award of punitive damages and remanded to the trial court for further proceedings. *Luri v. Republic Servs.*, 193 Ohio App.3d 682, 2011-Ohio-2389, 953 N.E.2d 859 (8th Dist.).

{¶4} Luri appealed this court's application of punitive damages caps to the Ohio Supreme Court. Republic also appealed based on a certified conflict between this court and the Tenth District regarding the constitutionality of R.C. 2315.21(B)(1).

{¶5} On July 3, 2012, the Ohio Supreme Court reversed this court, and remanded the matter to the trial court for application of *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, in which the Supreme Court held that mandatory bifurcation under R.C. 2315.21(B) was constitutional. *Luri v. Republic Servs.*, 132 Ohio St.3d 316,

2012-Ohio-2914, 971 N.E.2d 944.  The Supreme Court further held that Luri's appeal was moot in light of its holding.  *Id.* at ¶ 1.

**{¶6}**  Upon remand, the trial court held that application of *Havel* required a new trial. This court affirmed on appeal.  *Luri v. Republic Servs.*, 8th Dist. No. 100539, 2014-Ohio-3817. The Ohio Supreme Court subsequently refused to accept jurisdiction of Luri's appeal.

**{¶7}**  On May 21, 2015, the trial court vacated the July 8, 2008 judgment rendered after the first trial.  Its journal entry vacating the judgment stated:

> Pursuant to the Supreme Court's rejection of plaintiff's appeal on 03/25/15, this court finds that its 10/04/13 ruling entitling [Republic] to a new trial has been affirmed and the judgment underlying defendants' supersedeas bond has thus been vacated.

**{¶8}**  The second trial commenced in June 2016, and Luri settled with Republic after opening statements.  Luri's suit was dismissed with prejudice.  **B. Luri's Supplemental Complaint**

**{¶9}** At the time of the jury verdict in the underlying litigation, Republic was insured under two indemnity policies: an employment practices liability insurance policy issued by American Home with a policy period of January 27, 2007 to January 27, 2008, and an employment practices liability insurance policy issued by National Union with a policy period of January 27, 2008 to January 27, 2009.  Each policy had coverage limits of $25 million with retentions of $1,000,000.

**{¶10}** On June 22, 2009, Luri filed a supplemental complaint pursuant to R.C. 3929.06, which authorizes direct actions against the judgment debtor's insurance carrier after a final judgment has been obtained and upon the fulfillment of certain conditions precedent.  Luri sought judgment against American Home, National Union, and AIG to "pay at least the policy

limits of one policy, $25,000,000, and possibly two," in partial satisfaction of the July 8, 2008 judgment, which had been obtained after the jury trial but subsequently vacated by the trial court.[1]

{¶11} After briefing, the trial court granted appellees' motions for summary judgment. It ruled that a vacated judgment is a void judgment, and thus, Luri lacked a final judgment as required by R.C. 3929.06 to proceed against American Home, National Union, and AIG. It further found that the vacated judgment was "uninsurable as a matter of law because it constitutes a 'double recovery' or windfall that would provide Luri greater coverage than Republic under the policies." Therefore, it concluded that there were no genuine issues of material fact, and National Union, American Home, and AIG were entitled to judgment as a matter of law. This appeal followed.

## II.  Law and Analysis

{¶12} In his single assignment of error, Luri contends that the trial court erred in granting appellees' motions for summary judgment.

**A.    Standard of Review**

{¶13} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id*.

{¶14} Under Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and

---

[1]Luri sought judgment against American Home and National Union as issuers of the policies, and against AIG, their parent company, under an agency theory.

(3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only a conclusion that is adverse to the nonmoving party.

{¶15} On a motion for summary judgment, the moving party has the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id*. at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id*.

## B.    A Final Judgment

{¶16} R.C. 3929.06 provides in relevant part:

(1) *If a court in a civil action enters a final judgment* that awards damages to a plaintiff for injury, death, or loss to the person * * * and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, *the plaintiff * * * is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage* provided in the judgment debtor's policy of liability insurance *applied to the satisfaction of the final judgment*.

(2) If, within, thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

(Emphasis added.)

{¶17} The pertinent provision from the insurance policies at issue reads as follows:

18.    Action Against Insurer

Except as provided in Clause 17 of the policy, no action shall lie against the insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been fully and finally determined either by judgment against the insured after actual trial or by written agreement of the Insured, the claimant and the Insurer.

{¶18} In his single assignment of error, Luri contends that the trial court erred in granting summary judgment to appellees because the insurance policies permitted collection upon the entry of "judgment against the insured after actual trial" without regard to the outcome of any appellate proceedings, and the "final judgment" precondition to recovery under R.C. 3929.06 was satisfied when the trial court entered the July 8, 2008 final judgment. We find no merit to Luri's arguments.

{¶19} The recovery of a final judgment is a condition precedent to a supplemental action under R.C. 3929.06. *Benkoe v. Monsanto Co.*, 8th Dist. Cuyahoga No. 57342, 1990 Ohio App. LEXIS 3313, *3, (Aug. 9, 1990), citing *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 229 N.E.2d 295 (8th Dist.1973), paragraph two of the syllabus; *In re All Cases Against Sager Corp.*, 132 Ohio St.3d 5, 2012-Ohio-1444, 967 N.E.2d 1203, ¶ 33 ("R.C. 3929.06(B) * * * conditions the filing of a supplemental complaint against the insurer upon the entry of a final judgment.").

{¶20} Luri does not have a final judgment, however, because the July 8, 2008 trial court judgment upon which he based his R.C. 3929.06 supplemental complaint was vacated and rendered void after appeal. "It is well settled that a final judgment is one which determines the merits of the case and makes an end to it." *Stewart v. Zone Cab of Cleveland*, 8th Dist. Cuyahoga No. 79317, 2002 Ohio App. LEXIS 378, *4 (Jan. 31, 2002). Although the trial court entered a judgment on July 8, 2008 after the jury's verdict, Luri's case remained pending, and not finally determined, until all appeals had been exhausted. *Maynard v. Eaton Corp.*, 119 Ohio

St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 13, citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 104, 522 N.E.2d 489 (1988) ("[A]n action or suit is 'pending' from its inception until the rendition of final judgment."). Furthermore, an appeal suspends the effect of the trial court's judgment until the court of appeals enters its own final judgment. *Id*. Thus, although the July 8, 2008 judgment was a judgment that determined the issues submitted to the trial court, it was not a "final judgment" of the type described in R.C. 3929.06 because, in light of both Luri and Republic's appeals, it did not finally determine the merits of and make an end to the underlying case.

{¶21} In fact, the July 8, 2008 judgment was reversed, remanded, and ultimately vacated by the trial court, such that it was rendered void and of no effect. "A judgment that has been vacated, reversed, or set aside on appeal is deprived of all conclusive effect * * *. The same is true of a judgment vacated by a trial court." *United States v. Lacey*, 982 F.2d 410, 412 (10th Cir.1992). *See also Local No. 74, AFSCME v. Warren*, 174 Ohio App.3d 66, 2007-Ohio-6253, 880 N.E.2d 954, ¶ 27 (11th Dist.) ("A final judgment is conclusive as long as the judgment remains unreversed, unmodified, and unvacated.").

{¶22} "R.C. 3929.06 requires the application of the proceeds of insurance to satisfy an existing judgment and [R.C. 3929.06 claims] are available only when a final judgment has been entered against the insured." *Brennan v. Arkay Ind., Inc.*, 164 F.R.D. 464, 468 (S.D.Ohio 1996). Here, there is neither an existing judgment nor a final judgment against Republic; indeed, Luri *settled* his claims with Republic and they were dismissed with prejudice.

{¶23} Luri cannot use R.C. 3929.06 to resurrect his "ghost" judgment to create a windfall recovery over and above his settlement with Republic. He is not entitled to a double recovery on his claims against Republic — one by settlement and one by supplemental petition.

As the trial court recognized, it is "uncontroverted that Luri's supplemental petition seeks a 'double recovery' because, if he prevails on the petition, Luri would gain both the insurance proceeds applied towards the vacated judgment and the settlement proceeds received in the underlying litigation." The purpose of insurance, however, is to make the person whole, not provide a windfall. *Shenyey v. Glasgow*, 8th Dist. Cuyahoga No. 91713, 2009-Ohio-1366, ¶ 18.

{¶24} Likewise, we are not persuaded by Luri's argument that his right to recover against the policies irrevocably accrued once the July 8, 2008 judgment was obtained after "actual trial," and that he was entitled to collect against the policies irrespective of the outcome of any subsequent appellate proceedings. Clause 18 of the polices specifically and unambiguously provides that no action lies against the insurer until the amount of the insured's obligation to pay "shall have been fully and finally determined." As discussed above, the July 8, 2008 judgment did not "fully and finally" determine the underlying litigation.

{¶25} Nevertheless, citing *Hantz Fin. Serv. v. Am. Internatl. Specialty Lines Ins. Co.*, 664 Fed.Appx. 452 (6th Cir.2016), Luri asserts that under the AIG policies at issue, the July 8, 2008 judgment was a final judgment because the amount owed by the insured was "fully and finally determined by judgment against the insureds after actual trial," and the plain language of the policies did not require that he maintain that judgment through subsequent appellate proceedings.

{¶26} In *Hantz*, the insured sought coverage under a fidelity bond issued by AIG companies, including National Union, after the insured reimbursed to affected clients funds stolen by one of the insured's employees. AIG defended on timeliness grounds, asserting that the insured had not brought its lawsuit within the 24-month contractual limitations provision,

which provided that the insured could not bring legal proceedings seeking the recovery of losses after the expiration of 24 months from the date of final judgment or settlement.

{¶27} Hantz conceded on appeal that the Michigan lower court's order of judgment settling the clients' claim against Hantz would constitute a final judgment under Michigan law, but argued that final judgment was actually the date the Michigan appellate court affirmed the lower court's judgment. The Sixth Circuit disagreed, noting that "Michigan courts use the term 'final judgment' to refer to the trial court's order ending litigation at that level." *Id.* at 458. It noted further that "as a legal term of art, 'final judgment' virtually always designates the judgment by a court that determines all the rights and obligations of the parties in a case so that it can be appealed — not a judgment that has been resolved after appeal." *Id.* at 459.

{¶28} Luri asserts that *Hantz* is "persuasive authority" that indicates the July 8, 2008 judgment from the trial court was indeed a final judgment obtained after trial as required by the AIG policies, regardless of subsequent events. We do not agree because *Hantz* is easily distinguishable from this case.

{¶29} First, *Hantz* was decided under Michigan law. *Id.*, 664 Fed.Appx. at 457. Further, there was no question that the trial court's judgment at issue in *Hantz* was a valid final judgment; the judgment was affirmed on appeal. *Id.* It is not at all apparent that the Sixth Circuit would have considered a trial court judgment that was vacated after appeal, such as what we have here, to be a valid final judgment.

{¶30} This court addressed the issue of whether a trial court's judgment that had been reversed was a final judgment for purposes of R.C. 3929.06 in *Benkoe,* 8th Dist. Cuyahoga No. 57342, 1990 Ohio App. LEXIS 3313. In that case, the appellant brought suit against her employer for an intentional tort. The jury found for the appellant, and the employer appealed.

Subsequent to the judgment against the employer, the appellant brought a supplemental petition under R.C. 3929.06 to execute the judgment against the employer's insurer. After briefing, the trial court granted the insurance company's motion for summary judgment. Meanwhile, this court reversed the jury verdict that had been rendered in favor of the appellant and remanded for a new trial. *Id.* at *2.

{¶31} The appellant then appealed the grant of summary judgment to the insurance company on the R.C. 3929.06 supplemental petition. This court found that a final judgment is a precondition to a recovery against an insurance carrier under R.C. 3929.06, but that "no such final judgment exists insofar as this court of appeals has reversed and remanded the underlying action for a new trial." *Id.* at *3. As in *Benkoe*, Luri does not have a final judgment for R.C. 3929.06 purposes because the trial court's July 8, 2008 judgment was reversed, remanded, and ultimately vacated after appeal.

{¶32} Viewing the evidence in a light most favorable to Luri, reasonable minds can only conclude that there are no genuine issues of material fact and that appellees are entitled to judgment as a matter of law. Accordingly, the trial court did not err in granting appellees' motions for summary judgment.

{¶33} Judgment affirmed.

It is, therefore, considered that said appellees recover of appellant their costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR