[Cite as *Hayward v. Summa Health Sys./Akron City Hosp.,* 139 Ohio St.3d 238, 2014-Ohio-1913.]

HAYWARD, APPELLEE, *v.* SUMMA HEALTH SYSTEM/AKRON

CITY HOSPITAL ET AL., APPELLANTS.

[Cite as *Hayward v. Summa Health Sys./Akron City Hosp.,* 139 Ohio St.3d 238, 2014-Ohio-1913.]

*When a jury's answers to interrogatories make it clear that the jurors found that the defendant was not negligent and the jury's verdict is consistent with that finding, a remote-cause jury instruction, even if improper, cannot be found to have misled the jury in a manner materially affecting a substantial right.*

(No. 2013-0021—Submitted November 20, 2013—Decided May 8, 2014.)

APPEAL from the Court of Appeals for Summit County,

No. 25938, 2012-Ohio-5396.

_____

**KENNEDY, J.**

**{¶ 1}** In this discretionary appeal from a judgment of the Ninth District Court of Appeals, we determine whether the court of appeals erred in holding that a remote-cause jury instruction in a medical-malpractice case resulted in prejudicial error requiring a new trial.

**{¶ 2}** We accepted defendants-appellants' following proposition of law:

The Ninth District's decision in finding reversible error with respect to a remote cause jury instruction where a jury finds no negligence has effectively redefined what constitutes "prejudicial error" in jury instructions and, consequently, the Ninth District has created a direct conflict with this court and other appellate courts throughout Ohio.

{¶ 3}  We hold that when a jury's answers to interrogatories make it clear that the jurors found that the defendant was not negligent and the jury's verdict is consistent with that finding, a remote-cause jury instruction, even if improper, cannot be found to have misled the jury in a manner materially affecting a substantial right.  We reverse the judgment of the court of appeals on this issue and remand the cause for the court of appeals to consider the assignments of error it previously determined were moot.

I.  Facts and Procedural History

{¶ 4}  Defendants-appellants Dr. Michael Cullado, a board-certified colorectal surgeon, and Dr. Steven Wanek, a fifth-year surgical resident at defendant-appellant Summa Health System/Akron City Hospital, performed abdominal surgery on Theresa Hayward, plaintiff-appellee, in October 2007.  During this procedure, the surgeons used a device called a Bookwalter retractor, a flat metal ring that is positioned above the incision and has retractors attached to the ring that hold the abdominal wall away from the surgery site.  The retractor allows the surgeons to see and operate on the surgical area.

{¶ 5}  The Bookwalter retractor is used routinely in abdominal surgery, but its use carries known risks.  One risk is damage to the femoral nerve, which, as one of the defendants testified, is "one of the major nerve conduits to the leg."  However, damage to the femoral nerve is a risk of abdominal surgery even when a Bookwalter retractor is not used.

{¶ 6}  While in the hospital recovering from surgery, Hayward experienced numbness in her left leg and, as a result, was unable to stand.  Dr. Cullado sought the expertise of Dr. Robert Lada, a neurologist, who ran a nerve-conduction study and other tests on Hayward.  The study showed nerve damage, and further tests ruled out other common causes of femoral-nerve damage, such as diabetes and hematoma.  Hayward was released from the hospital in a wheelchair.

She improved with time and therapy, but there is some permanent impairment, and she now walks with a cane.

{¶ 7} In March 2009, Hayward filed a claim for relief against defendants-appellants, alleging that medical malpractice caused her femoral-nerve damage. Dr. Cullado testified at trial that in performing the surgery, and specifically, in placing the Bookwalter retractor, he conformed to or exceeded the proper standard of care. But he also stated that he believed Hayward's injury was caused by the retractor during surgery, as did Dr. Lada.

{¶ 8} Both the plaintiff's and defendants' expert witnesses, however, testified that when a femoral-nerve injury is caused by a Bookwalter retractor, a doctor was negligent. Hayward's expert testified that femoral-nerve damage caused by the retractor is not a foreseeable risk of this kind of operation unless the retractor blades are not properly placed and that only physician negligence could have caused her injury. The defense expert acknowledged that the proper standard of care "can eliminate femoral nerve injuries caused by retractor blades." But he also testified that the plaintiff's expert was drawing "inappropriate conclusions" from the femoral-nerve injuries because it was clear from Dr. Cullado's surgical notes that he was a careful doctor, "other factors" may cause such injuries, and the appropriate standard of care cannot reduce the risk of femoral-nerve injuries to zero. He said that Dr. Cullado had "met the standard of care required of him."

{¶ 9} The trial judge read aloud the jury instructions while showing them on a screen. He instructed the jurors on preponderance of the evidence, direct evidence, circumstantial evidence, inference, witness credibility, and expert testimony.

{¶ 10} The trial judge next instructed the jury on negligence. He first explained that negligence alone is insufficient to prove liability because to prove liability, the plaintiff must also prove proximate cause. He explained "proximate

cause" as follows: "Proximate cause occurs when the injury is the natural and foreseeable result of the act or failure to act." As the defense requested, the judge added the following "remote-cause instruction": "A person is not responsible for damages to another if his negligence is a remote cause and not a proximate cause. A cause is remote when the result could not have been reasonably foreseen or anticipated as being a natural or probable cause of any damage." Earlier, when the judge had told the attorneys the instructions he planned to give the jury, Hayward objected to the remote-cause jury instruction. But she did not object to this instruction when it was given, even though the trial judge asked whether the parties had any objections to the instructions that they wanted to put on the record. The judge then instructed the jurors on economic and noneconomic loss and told the jurors that if they found in favor of Hayward, they should sign the general-verdict form in favor of Hayward and answer the interrogatories about damages Hayward suffered.

{¶ 11} The judge then gave instructions for answering the interrogatories. In doing so, the judge omitted some of the instructions and made some misstatements. The judge directed the jurors to answer Interrogatory No. 1, which asked whether Dr. Cullado was negligent in the care and treatment of Hayward. The judge then told the jurors to complete the general-negligence verdict form, which he called "the second form," if they answered "No" to Interrogatory No. 1. The form he was referring to was labeled "Verdict Form 'A,' " which reads that the jury finds in favor of Dr. Cullado "on the issue of liability."

{¶ 12} The judge then instructed the jurors to answer Interrogatory No. 2 if they answered "Yes" to Interrogatory No. 1. Interrogatory No. 2 asks whether Summa Health System, through its employee, Dr. Wanek, was negligent in the care or treatment of Hayward. Therefore, the answer to Interrogatory No. 1 has no bearing on Interrogatory No. 2.

4

{¶ 13} The judge seems to have mistaken Interrogatory No. 2 for Interrogatory No. 3, which asks whether Dr. Cullado's negligence caused injury to Hayward, and is the question that should have been answered only if the jury answered "Yes" to Interrogatory No. 1.

{¶ 14} The judge then told the jurors to "complete the general verdict form which follows in favor of Summa Health System" if they answered "No" to Interrogatory No. 2. The judge was referring to "Verdict Form 'B,' " but he did not identify it specifically.

{¶ 15} The judge then began to instruct on Interrogatory No. 3, which asked whether Dr. Cullado's negligence caused injury to Hayward. In the midst of the instruction, he realized his earlier error and tried to correct it: "If you answer yes, then you would go to Interrogatory No. 3—let me back that up. If you answer yes to Interrogatory No. 1, then you would go to Interrogatory No. 3, regardless of what you do on Interrogatory No. 2. These are separate claims." The judge added shortly thereafter, "Okay. If you get confused, please ask." The jurors did not ask for clarification, and the parties did not raise any objections regarding how the instructions were given.

{¶ 16} The court then instructed the jurors on what to do if they answered "Yes" to Interrogatory Nos. 3 or 4 (Interrogatory No. 4 asks whether the negligence of Summa Health System, through Dr. Wanek, caused injury to Hayward). The judge did not instruct the jurors to leave Interrogatory Nos. 3 and 4 blank if they answered Interrogatory Nos. 1 and 2 with "No."

{¶ 17} The remaining interrogatories and verdict forms pertain to plaintiff verdicts. Jury Interrogatory Nos. 5, 6, and 7 asked the jurors to compute damages. Verdict Forms C, D, and E were to be signed if the jurors found for the plaintiff.

{¶ 18} After the instructions were given, the jurors deliberated. The jurors returned, having signed Verdict Forms A and B finding for defendants "on

the issue of liability." They had also circled "No" on Interrogatory Nos. 1 and 2, indicating their finding that the defendants were not "negligent in the care and treatment of Theresa Hayward." The jurors also circled "No" on Interrogatory Nos. 3 and 4, indicating their finding that the defendants' negligence did not cause injury to Hayward. However, the jurors had not signed Interrogatory Nos. 1 though 4. The jurors had left blank Verdict Forms C, D, and E and Interrogatory Nos. 5, 6, and 7.

{¶ 19} After reviewing the verdicts and interrogatories, the judge acknowledged the verdicts but responded, "This may be my fault, but we will have to have you sign the interrogatories that you answered. * * * You would do the first, the second, three, four—okay." Without objection by the parties, the jurors returned to the deliberation room and signed the four interrogatories.

{¶ 20} Upon resuming, the court did not note any discrepancy or inconsistencies between the completed interrogatories and the verdicts. The judge then read the verdicts, which found for the defendants, and the four answered interrogatories, which were consistent with the defense verdicts. Hayward's counsel examined the completed verdict forms and interrogatories and made no objection. Neither the judge nor the parties raised concerns about the manner in which the jurors had completed the interrogatory and verdict forms or noted any inconsistencies between them. The judge then accepted the jury's verdicts and findings as consistent.

{¶ 21} Hayward filed a timely motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) or a new trial pursuant to Civ.R. 59(A)(6) (a new trial may be granted when "[t]he judgment is not sustained by the weight of the evidence"). Hayward argued that the verdicts cannot be "reconciled with the evidence," which is that a femoral-nerve injury caused by retractor placement always results from medical malpractice. As evidence that the jury had lost its way, Hayward cited the jury's completion of the interrogatories on causation

(Interrogatory Nos. 3 and 4) and argued that answering these would have been unnecessary unless the jury had already found negligence. The trial court denied the motion, holding that under Civ.R. 49(B), the "function of jury interrogatories is to test the correctness of the general verdict." Summit C.P. No. CV 2009 03 2529, 5 (Apr. 20, 2011). The court noted that the party challenging a general verdict must show that the answers to the interrogatories are irreconcilable with the general verdict, citing *Becker v. BancOhio Natl. Bank*, 17 Ohio St.3d 158, 163, 478 N.E.2d 776 (1985). Here, the interrogatories supported the general verdicts for the defense.

{¶ 22} Hayward appealed. In one of five assignments of error, Hayward argued that because the trial court had instructed the jury on remote cause, "the jury engaged in a logical impossibility—finding no causation for negligence that it did not find occurred." The court of appeals agreed. Though holding that the trial court had properly overruled Hayward's motion for judgment notwithstanding the verdicts because an expert had testified that the surgeon did not deviate from the standard of care, it reversed the judgment and remanded for a new trial because the remote-cause instruction was "clearly not warranted." 9th Dist. Summit No. 25938, 2012-Ohio-5396, ¶ 10, 17. It cited the jurors' completion of the interrogatories on causation, notwithstanding their finding no negligence, as evidence that "the instructions did confuse the jury" and misled the jury in a matter materially affecting Hayward's substantial rights. *Id*. at ¶ 17. The court of appeals said that the jury instruction "could have confused the issue of the breach of the standard of care with remote causation." *Id*. The defendants filed this discretionary appeal.

II. Legal Analysis

{¶ 23} We declined to accept jurisdiction over the issue whether the remote-cause jury instruction was appropriate. The only determination we make in this case is whether the court of appeals, after finding that the remote-cause

instruction was not appropriate, properly applied Civ.R. 61 and R.C. 2309.59 and related case law in determining that the plaintiff's substantial rights were materially affected by the instruction. Because we are presented with a question of law, we apply a de novo standard of review. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4.

{¶ 24} R.C. 2309.59 directs a court of appeals as follows:

> In every stage of an action, the court shall disregard any error or defect in the pleadings or proceedings which *does not affect the substantial rights of the adverse party. No final judgment or decree shall be reversed or affected by reason of such error or defect*. * * * If the reviewing court determines and certifies that, in its opinion, *substantial justice has not been done* to the party complaining as shown by the record, such court shall reverse the final judgment or decree and render, or remand the case to the lower court with instructions to render, the final judgment or decree that should have been rendered.

(Emphasis added.) That provision is consistent with Civ.R. 61: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

{¶ 25} In ascertaining whether prejudicial error exists, the court is "bound by the disclosures of the record." *Makranczy v. Gelfand,* 109 Ohio St. 325, 329, 142 N.E. 688 (1924). To find that substantial justice has not been done, a court must find (1) errors and (2) that without those errors, the jury probably would not have arrived at the same verdict. *Hallworth v. Republic Steel Corp.,* 153 Ohio St. 349, 91 N.E.2d 690 (1950), paragraph three of the syllabus. Even an erroneous jury instruction " 'may not be sufficiently prejudicial to justify a reversal.' "

*Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 186, 729 N.E.2d 726 (2000), quoting *Smith v. Flesher*, 12 Ohio St.2d 107, 114, 233 N.E.2d 137 (1967). To conclude that a party's substantial rights were materially affected, an appellate court must find that the jury charge was so misleading and prejudicial as to result in an erroneous verdict. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.*, 18 Ohio St.3d 268, 274, 480 N.E.2d 794 (1985). Making such a determination requires a "thorough review of the entire transcript of proceedings before the trial court." *Hampel* at 186.

**{¶ 26}** "A jury instruction must be considered in its entirety and, ordinarily, reversible error does not consist of misstatements or ambiguity in a part of the instruction." *Sech v. Rogers*, 6 Ohio St.3d 462, 464, 453 N.E.2d 705 (1983). "[W]e will not assume the presence of prejudice * * * but must find prejudice on the face of the record." *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999). In addition, an appellate court must determine not only whether there was prejudice, but also "the degree of prejudice." *Id*. at 461. The jury instruction given in error must be "so prejudicial * * * that a new trial is warranted." *Id*.

**{¶ 27}** In determining that the plaintiff was deprived of substantial justice, the court of appeals did not carefully consider the record. Instead, the court speculated that the jury had been confused by the remote-cause instruction:

> [I]n light of the fact that an instruction on remote causation was so clearly not warranted, * * * and because there is evidence that the instructions did confuse the jury, we conclude that "the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights." *Becker* [*v. Lake Cty. Mem. Hosp. W.*], 53 Ohio St.3d [202] at 208[, 560 N.E.2d 165 (1990)]. Despite the fact that the jury interrogatories indicated that the jury

should only complete interrogatory number three, which dealt with causation, *if* the jury concluded that one of the defendants was negligent, the jury completed interrogatory number three anyway. Thus, the jury considered causation and could have confused the issue of the breach of the standard of care with remote causation. While there could be another explanation for this confusion, it nonetheless evidences that the jury was confused. In light of all of the above, we conclude that the jury instruction was unwarranted and that a new trial is required.

(Emphasis sic.) 9th Dist. Summit No. 25938, 2012-Ohio-5396, ¶ 17.

{¶ 28} The court of appeals did not take into account the trial judge's instructions to the jury concerning the interrogatories and verdict forms. Specifically, it ignored the trial judge's instructions to the jury to sign the four interrogatories: "the first, the second, three, four." The quoted passage reveals that the court of appeals misunderstood the record. The trial judge misspoke while instructing the jurors and did not clarify that they should not answer Interrogatory Nos. 3 and 4 in the event they answered Interrogatory Nos. 1 and 2 for the defense. Nevertheless, the plaintiff did not express any concerns about juror confusion and made no objection during the proceedings. Moreover, nothing in the record supports the finding that the remote-cause jury instruction resulted in the jury's completion of the interrogatories.

{¶ 29} Furthermore, the jurors' answering Interrogatory Nos. 3 and 4 in favor of the defense, while unnecessary, was not inconsistent with answering "No" to Interrogatory Nos. 1 and 2, because Verdict Forms A and B, which the jurors also signed, state that the jurors find for the defendants "on the issue of liability." The trial court had instructed the jurors that liability requires findings on both negligence and proximate cause. Although the appellate court remarked

that "there could be another explanation" for the jury's completion of the causation interrogatories, it did not carefully examine the record for another explanation. The court of appeals found that Hayward's substantial rights had been materially affected by the remote-cause instruction.

{¶ 30} Because the interrogatory answers were consistent with the general defense verdicts, the trial court was required to enter judgment for the defendants. Civ.R. 49(B) directs, "When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered * * *." *See also Becker,* 17 Ohio St.3d at 163, 478 N.E.2d 776. Hayward did not object to the remote-cause jury instruction when it was given and did not object to the proceedings during and after the return of the verdict. Therefore, the parties acknowledged the regularity of the proceedings, and the court entered judgment as required by law.

{¶ 31} The Ninth District's speculation that the remote-cause instruction spawned juror confusion materially affecting Hayward's substantial rights was therefore erroneous. The record does not support the conclusion that the remote-cause jury instruction caused juror confusion. *Hampel,* 89 Ohio St.3d at 186, 729 N.E.2d 726.

{¶ 32} Although it is established for purposes of this appeal that the remote-cause instruction was improper, the record does not indicate that the instruction resulted in the jurors' completing the causation interrogatories. We conclude, contrary to the court of appeals' ruling, that Hayward can show no prejudice from the instruction. The answers to the interrogatories were consistent with the general verdicts. Therefore, the court of appeals erred in speculating that the instruction materially affected Hayward's substantial rights. A reviewing court cannot order a new trial upon a presumptive finding of prejudice where the record actually establishes the contrary.

III.  Conclusion

**{¶ 33}** We agree with defendants-appellants that the Ninth District erroneously found prejudicial error in the remote-cause jury instruction.  The record does not indicate that the trial court's remote-cause jury instruction confused the jurors, as the trial court instructed the jurors to sign the four interrogatories, and they were consistent with the general defense verdicts.  Therefore, the court of appeals erred in asserting that the instruction materially affected Hayward's substantial rights.  We hold that when a jury's answers to interrogatories make it clear that the jurors found that the defendant was not negligent and the jury's verdict is consistent with that finding, a remote-cause jury instruction, even if improper, cannot be found to have misled the jury in a manner materially affecting a substantial right.  We therefore reverse the portion of the judgment of the court of appeals granting a new trial, and we remand the cause to the court of appeals to address the assignments of error that it determined to be moot and did not address.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

**{¶ 34}** That the trial court erred by including an instruction on remote cause in its jury instructions is not at issue in this case—the majority recognizes that the court of appeals' holding on that issue is not before the court.  This court accepted jurisdiction in this case merely to review the issue whether the trial court's error was prejudicial.  We normally rely on courts of appeals to make that kind of record-intensive determination.  Whether the non-unanimous jury (the

vote was six to two in defendants' favor) was misled in this case remains unresolved. The majority makes a cogent case that the jury's interrogatory answers are not evidence of prejudice, but that does not mean there was no prejudice. The remote-cause instruction may have provided the pathway for the majority of the jury to reach a defense verdict. Regardless, although undoubtedly important to the parties involved, this case is about this case only, and with no one's personal liberty at stake, it does not meet this court's jurisdictional requirement of a case "of public or great general interest." Ohio Constitution, Article IV, Section 2(B)(2)(e). I would hold that jurisdiction was improvidently allowed.

_____

Amer Cunningham Co., L.P.A., Jack Morrison Jr., Thomas R. Houlihan, Vicki DeSantis, and Michael Schmeltzer, for appellee.

Roetzel & Andress, L.P.A., Douglas G. Leak, Michael J. Hudak, and Betty Davis, for appellants.

Rhonda Davis & Associates, L.L.C., and Rhonda Gail Davis; Jacquenette S. Corgan; and Susan J. Lax Law Office and Susan Lax, urging affirmance for amicus curiae Summit County Association for Justice.

_____