O’Donnell, J.,
concurring in judgment only.
{¶ 47} This appeal raises two issues: first, whether the trial court in this medical malpractice action erred in instructing the jury on the concept of foreseeability applicable to an ordinary negligence claim, and second, whether that instruction probably misled the jury and resulted in an erroneous verdict. Because the court’s instructions did not accurately charge the jury on the applicable law, and because the court of appeals failed in the first instance to determine whether the erroneous instructions probably misled the jury and resulted in an erroneous verdict, I concur in the court’s judgment to reverse and remand the matter for further proceedings.
{¶ 48} A cause of action for negligence requires the claimant to prove “the existence of a duty, a breach of that duty, and an injury resulting proximately therefrom.” Menifee v. Ohio Welding Prods., Inc., 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). In ordinary negligence cases, we have stated that “[t]he existence of a duty depends on the foreseeability of the injury.” Id. And as we explained in Menifee, “[t]he test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from *271 the performance or nonperformance of an act.” Id. See also Gedeon v. E. Ohio Gas Co., 128 Ohio St. 335, 338, 190 N.E. 924 (1934) (“No one is bound to take care to prevent consequences which, in the light of human experience, are beyond the range of probability”).
{¶ 49} But in medical malpractice cases, we have not generally used the concept of foreseeability to define the duty that a medical provider owes to a patient. Rather, in Bruni v. Tatsumi, 46 Ohio St.2d 127, 129, 346 N.E.2d 673 (1976), we set forth the test for evaluating the conduct of a physician or surgeon charged with malpractice as
whether the physician, in the performance of his service, either did some particular thing or things that physicians and surgeons, in that medical community, of ordinary skill, care and diligence would not have done under the same or similar circumstances, or failed or omitted to do some particular thing or things which physicians and surgeons of ordinary skill, care and diligence would have done under the same or similar circumstances.
{¶ 50} We also have relied on the concept of foreseeability in determining whether the negligent act proximately caused the injury. See, e.g., Mussivand v. David, 45 Ohio St.3d 314, 321, 544 N.E.2d 265 (1989) (“in order to establish proximate cause, foreseeability must be found”); Strother v. Hutchinson, 67 Ohio St.2d 282, 287, 423 N.E.2d 467 (1981) (“a reasonable foreseeability of injury is considered an element of proximate cause”). As we explained in Gedeon, “The law, in determining liability for harm done, refuses to follow the logical chain of causation beyond what it regards as the direct or proximate cause.” 128 Ohio St. at 339, 190 N.E. 924. Thus, it is not enough that the negligent act is a cause-in-fact of the injury, but the injury must also be “ ‘the natural and probable consequence’ ” of the negligent act, that is, “ ‘it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act.’ ” Strother at 287, quoting Ross v. Nutt, 177 Ohio St. 113, 114, 203 N.E.2d 118 (1964).
{¶ 51} Here, the trial court erred in giving the jury instruction on foreseeability. First, there is no question that the medical professionals treating Seth owed him a duty of reasonable care arising from the doctor-patient relationship, nor is it disputed that the injury complained of could have been reasonably anticipated from the allegedly negligent acts. Any foreseeability of harm to Seth was therefore not at issue in this case.
{¶ 52} Second, and more importantly, the trial court’s instruction on foreseeability fundamentally misstated the standard of care applicable in medical mal *272 practice cases. The court framed its foreseeability instructions in terms of a layperson’s ability to anticipate that death would likely result from an act or a failure to act by the hospital’s medical professionals. But a reasonable layperson considering the circumstances in this case — in which a child presents to an emergency department suffering from an ear infection and dehydration — lacks the necessary knowledge, training, and experience to appreciate whether or not the child’s death was likely to result. Rather, the question is whether the hospital’s medical professionals “employ[ed] that degree of skill, care and diligence that a physician or surgeon of the same medical specialty would employ in like circumstances.” Berdyck v. Shinde, 66 Ohio St.3d 573, 579, 613 N.E.2d 1014 (1993).
{¶ 53} The trial court compounded this error by stating the foreseeability instruction in terms of probability. Although the reasonable person in an ordinary negligence case may be required to anticipate only those injuries that are likely to result from a course of conduct, a doctor is charged with possessing the specialized knowledge and experience of the medical profession and therefore is required to anticipate diagnoses that may be unlikely or rare. As one treatise explains, “It is the object of diagnostic effort to identify the disease responsible for the patient’s present syndrome. Thus, the ultimate step in differential diagnosis consists of selecting from a number of possibilities the disease or diseases that come nearest to explaining the clinical and laboratory finding in the case in question.” (Emphasis added.) 1 Pegalis, American Law of Medical Malpractice 3d, Section 3:12, at 231 (2005).
{¶ 54} In effect, the trial court informed the jury that the hospital’s doctors had a duty to foresee and treat only those diseases that appeared more likely than not to cause Seth’s illness, regardless of whether a reasonable medical professional in the same specialty under like circumstances would have correctly diagnosed and treated the condition from which he suffered. The Supreme Court of Georgia in Smith v. Finch, 285 Ga. 709, 681 S.E.2d 147 (2009), recently concluded that a similar instruction charging the jury in a medical malpractice action that “ ‘[n]egligence consists of not foreseeing and guarding against that which is probable and likely to happen, not against that which is only remotely and slightly possible’ ” was inaccurate and misleading, because it directed the jury that it could not find negligence in the failure to diagnose a relatively rare but severe disease. Id. at 710-711, quoting 1 Suggested Pattern Jury Instructions: Civil Cases, Section 62.311 (4th Ed.2004).
{¶ 55} For these reasons, the instruction the trial court gave on foreseeability is erroneous, and I see no need to provide an advisory opinion speculating on when an instruction on foreseeability might be appropriate in charging the jury on the standard of care for medical professionals.
*273 {¶ 56} Erroneous jury instructions rise to reversible error only if “the jury charge was so misleading and prejudicial as to result in an erroneous verdict.” Hayward v. Summa Health Sys./Akron City Hosp., 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 25.
{¶ 57} Here, the majority’s analysis is based on a mistaken reading of the Ninth District’s decision; the majority asserts that “the appellate court erroneously presumed that the error was prejudicial,” majority opinion at ¶ 41, and that “[t]he only manifestation of the jury being misled by the foreseeability instruction that was identified to the appellate court was that the jurors completed the interrogatory regarding proximate cause instead of stopping after finding that negligence had not occurred,” id. at ¶ 42. It is true that there is “no connection between an unnecessary foreseeability instruction and the jurors’ decision to complete the interrogatory for the mooted issue of causation,” majority opinion at ¶ 42, but the court of appeals drew no such connection and did not find prejudice simply because the jury failed to comply with the trial court’s instruction not to answer the interrogatory on proximate cause if it found that the hospital had not been negligent. The appellate court addressed only whether the erroneous instruction could be deemed harmless based on the jury’s additional finding that the hospital’s negligence had not proximately caused Seth’s death, such that the Cromers would have failed to prove their cause of action notwithstanding the erroneous instruction.
{¶ 58} In fact, the court of appeals did not consider whether the jury instructions, taken as a whole, probably misled the jury, and it provided little analysis in support of its conclusion that the trial court committed reversible error. But as we recently explained in Hayward, an appellate court “ ‘will not assume the presence of prejudice * * * but must find prejudice on the face of the record.’ ” Hayward at ¶ 26, quoting Wagner v. Roche Laboratories, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999).
{¶ 59} Accordingly, I would reverse the judgment of the court of appeals and remand the matter for a determination whether the jury instructions, taken as a whole, probably misled the jury and resulted in an erroneous verdict in this case. I therefore concur in the majority’s judgment, but not its reasoning.
Kennedy, J., concurs in the foregoing opinion.