Pfeifer, J.,
dissenting.
I
{¶ 60} The majority holds that the appellate court correctly held that the trial court erred in including a jury instruction on foreseeability, but concludes that *274 the appellate court failed to show that the jury instructions materially prejudiced the Cromers. The majority opinion is weighted with syllabus paragraphs, but all the syllabus paragraphs in the world cannot change the fact that the sole, unremarkable holding of this case is that the appellate court did not do enough to show that the jury instructions it correctly held were erroneous were prejudicial. But here is the rub: that issue is not before this court. This court specifically refused jurisdiction on the following proposition of law offered by the appellant:
A verdict may not be reversed for a claimed error in the jury instructions where the jury instruction, as a whole, properly explained the applicable law, and where there has been no demonstration that the jury was probably misled by the allegedly erroneous instruction.
(Emphasis sic.) See 134 Ohio St.3d 1484, 2013-Ohio-902, 984 N.E.2d 28.
{¶ 61} The appellant had argued in that proposition of law that even if the foreseeability instruction was wrong, the trial court’s instructions as a whole did not mislead the jury. By refusing to accept that proposition of law, this court let stand the court of appeals’ determination of prejudice. This court accepted jurisdiction on only the following proposition of law:
Foreseeability is a vital and important factor for a jury to consider in determining whether a medical defendant has acted as a reasonably prudent medical provider under the same or similar circumstances. Thus, a trial court should instruct jurors in medical malpractice cases on the issue of foreseeability.
See id. Thus, the only issue before this court is whether the appellate court correctly held that the trial court had erred in giving an instruction on foreseeability to the jury. The parties have every reason to believe that this appeal would be resolved upon a determination of only that legal issue. The resolution of that issue in favor of the appellees should end this case and lead to an affirmance of the appellate court. Instead, the majority moves on to an issue not briefed by the parties — not briefed at the specific instruction of this court.
{¶ 62} This case turns on an issue the appellees never had a chance to address. The majority opinion misleadingly states:
The only manifestation of the jury being misled by the foreseeability instruction that was identified to the appellate court was that the jurors *275 completed the interrogatory regarding proximate cause instead of stopping after finding that negligence had not occurred.
Majority opinion at ¶ 42. The Cromers have made no such argument in this court because they did not need to. Through its refusal to accept jurisdiction on the issue of prejudice, this court declared the issue settled. But the majority ignores this court’s earlier, gateway determination and instead determines the case on the issue it refused to consider.
II
{¶ 63} Even if the issue of whether the jury instruction was prejudicial were properly before this court, the majority’s analysis is wrong. The appellate court did address prejudice. It held that even though the jurors answered the proximate-cause interrogatory in favor of the hospital — that its negligence was not the proximate cause of Seth’s death — the foreseeability instruction was still prejudicial. The court of appeals addressed the argument that the instruction on negligence was harmless error because the jury — regardless of its finding on negligence — had found a lack of proximate cause. The court pointed out that the instruction on proximate cause was premised on whether the hospital’s negligence had caused Seth’s death and that the trial court’s instruction on negligence had tainted the jury’s finding on proximate cause. Thus, despite an answer to the interrogatory in favor of the hospital on proximate cause, the court held that “we cannot conclude that the trial court’s improper instruction on the hospital’s standard of care did not affect the ultimate outcome in this case.” 2012-Ohio-5154, 985 N.E.2d 548, ¶ 26 (9th Dist.). Certainly, the appellate court properly demonstrated that prejudice sufficient to reverse the trial court’s judgment existed by demonstrating that the trial court’s faulty jury instruction on negligence compromised even the jury’s finding on proximate cause.
III
{¶ 64} Further, that the foreseeability jury instruction was prejudicial is apparent on its face. Let us revisit the jury instruction at issue, which the nonunanimous jury (the vote was 6-2 in favor of the defendant) took into the jury room:
In deciding whether ordinary care was used, you will consider whether the defendant should have foreseen under the attending circumstances that *276 the natural and probable result of an act or failure to act would cause Seth Cromer’s death.
The test for foreseeability is not whether the defendant should have foreseen the death of Seth Cromer precisely as it happened. The test is whether under all the circumstances a reasonably cautious, careful, prudent person would have anticipated that death was likely to result to someone from the act or failure to act.
If the defendant by the use of ordinary care should have foreseen the death and should not have acted, or if they did act, should have taken precautions to avoid the result, the performance of the act or the failure to act to take such precautions is negligence.
{¶ 65} The instruction placed the treating doctors in the position of laymen — “a reasonably cautious, careful, prudent person” — and required them to have anticipated that Seth’s death was the likely result of their failure to act. Not that an extended illness or an increased hospital stay might have resulted, but death. Would a reasonably prudent person believe that a basically healthy five-year-old child would likely die during a trip to the emergency room? No — because no one wants to believe that that is possible, let alone likely.
{¶ 66} Because of the foreseeability jury instruction, the incomprehensible tragedy of Seth’s death inures to the benefit of the hospital. A “reasonably cautious, careful, prudent, person” would never expect that a little boy with an earache and stomachache could be dead in a matter of hours. Certainly, anyone who could have anticipated that his or her care would result in the death of a child would have approached the child’s treatment differently.
{¶ 67} The inclusion of the foreseeability instruction prejudiced the Cromers by allowing the jury to consider the treating doctors not as clinicians bound to perform their jobs within certain standards, but as laymen dealing with the unthinkable, heartbreaking death of a young child.
Conclusion
{¶ 68} This court accepted this case pursuant to its authority under Article IV, Section 2(B)(2)(e) of the Ohio Constitution as a “case[ ] of public or great general interest.” It is neither. It is of like kind with Branch v. Cleveland Clinic Found., 134 Ohio St.3d 114, 2012-Ohio-5345, 980 N.E.2d 970, and Hayward v. Summa Health Sys./Akron City Hosp., 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, error-correction cases without meaningful holdings that reversed appellate-court reversals of defense verdicts in medical-malpractice cases. But this case is worse; there is no error to correct that is properly before this court. At least in Summa, this court accepted jurisdiction to answer the question of *277 whether the trial court’s error was prejudicial, and in Branch, it accepted jurisdiction to determine whether the trial court had abused its discretion on certain evidentiary and jury-instruction decisions. Here, the majority decides the case on an issue over which it expressly disclaimed jurisdiction. That it decides that issue wrongly is to be expected.
Hanna, Campbell & Powell, L.L.P., Gregory T. Rossi, and Rocco D. Potenza, for appellant.
Amer Cunningham Co., L.P.A., Jack Morrison Jr., Thomas R. Houlihan, and Vicki L. DeSantis, for appellees.
Bricker & Eckler, L.L.P., and Anne Marie Sferra, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.
Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association for Justice.
Rhonda Gail Davis and Jacquenette S. Corgan, urging affirmance for amicus curiae Summit County Association for Justice.