[Cite as *MNH Truck Leasing Co., L.L.C. v. Dir., Ohio Dept. of Job & Family Servs.*, 2017-Ohio-442.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MNH Truck Leasing Company, LLC, | : | |
| Appellant-Appellant, | : | No. 16AP-301 |
| | | (C.P.C. No. 14CV-10701) |
| v. | : | No. 16AP-302 |
| | | (C.P.C. No. 14CV-10698) |
| Director, Ohio Department of | : | No. 16AP-303 |
| Job & Family Services, | | (C.P.C. No. 14CV-10699) |
| | : | |
| Appellee-Appellee. | | (REGULAR CALENDAR) |
| | : | |

---

D E C I S I O N

Rendered on February 7, 2017

---

**On brief:** *Mark R. McBride*, for appellant. **Argued:** *Mark R. McBride*.

**On brief:** *Michael DeWine*, Attorney General, and *Patria V. Hoskins*, for appellee. **Argued:** *Patria V. Hoskins*.

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} In this consolidated appeal, appellant, MNH Truck Leasing Company, LLC, appeals from the judgment entry of the Franklin County Court of Common Pleas upholding three administrative decisions of the Unemployment Compensation Review Commission ("UCRC") regarding appellant's liability and contribution rate determination under Ohio unemployment compensation laws. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is a limited liability company primarily in the business of freight brokerage and trucking services. A claim for unemployment benefits filed by one of appellant's former workers prompted the Ohio Department of Job and Family Services

("ODJFS") to audit appellant's status under Ohio unemployment compensation law and classification of its workers. ODJFS notified appellant that it met the definition of an employer for purposes of Ohio unemployment compensation law, and in August 2013, issued two employer's liability and contribution rate determinations assessing appellant maximum penalty tax rates for 2012 and 2013 as a result of appellant's failure to timely submit required quarterly wage information. In September 2013, the director of ODJFS issued reconsidered decisions affirming the determination that appellant was a liable employer and affirming both the 2012 and 2013 liability and contribution determinations. In October 2013, ODJFS released the final audit report reviewing the period of 2009 through 2011. According to the audit, appellant became a liable employer as of January 1, 2009, misclassified 41 workers as independent consultants, and underreported wages by nearly $2.5 million. The audit report notes that appellant "had no comment concerning people being considered employees or wages paid by the employer." (Oct. 1, 2013 Audit Report at 9.)

{¶ 3} On October 23, 2013, appellant appealed the director's reconsidered decisions to the UCRC, and a telephone hearing on the matter was held on September 9, 2014. During the hearing, the attorney representing ODJFS was sworn in to testify. ODJFS' attorney identified exhibits submitted for admission on behalf of ODJFS "with the support of * * * affidavit[s]." (Sept. 9, 2014 Hearing Tr. at 7.) The exhibits identified included the unemployment tax notification contribution rate determinations, the application for reconsideration, the director's reconsidered decisions, quarterly report histories, the audit report, notes prepared by the auditor, business documents prepared by appellant used in support of the auditor's report, an ODJFS compliance examiner questionnaire interviewing appellant, and an ODJFS compliance examiner questionnaire with appellant's former worker. The two affidavits submitted by ODJFS, one from the chief of the contributions section and one from the assistant chief of the compliance section of ODJFS' Office of Unemployment Compensation, averred that the exhibits submitted at the hearing were true and accurate copies of the originals produced or obtained in connection with appellant's investigation, audit, and appeals.

{¶ 4} When asked whether she would offer additional testimony based on her conversations with the auditor and the compliance examiner, ODJFS' attorney replied:

> Yes although not necessarily in regards to the information they provided me at least up until now I think that everything's been covered fairly well in the documents. I did want to give some additional information on those three [redeterminations by ODJFS].

(Sept. 9, 2014 Hearing Tr. at 16.) After describing the basis for ODJFS' reconsiderations, ODJFS' attorney declined to offer additional testimony. Appellant lodged a general objection to the attorney for ODJFS offering testimony and characterized such testimony as inappropriate, hearsay, and not the best evidence. ODJFS' attorney responded that hearsay is admissible in administrative proceedings, that ODJFS' staffers were unavailable due to retirement and maternity leave, that the affidavits supported the testimony, and that appellant could have subpoenaed either one. The hearing officer overruled the objection, noting that he would determine the weight to give the evidence submitted.

{¶ 5} Thereafter, the single member of appellant, John Petrlich, testified. Petrlich agreed that some of the workers at issue were employees. However, Petrlich generally argued that the audit was inaccurate and that some of the workers were actually independent contractors who were not obligated to drive for appellant, had their own federal ID number, and drove trucks owned by other people. Appellant did not provide documentation or other evidence supporting these contentions.

{¶ 6} The UCRC affirmed the director's reconsidered decisions in three separate decisions mailed September 17, 2014. Regarding the two director's reconsidered decisions addressing the penalty rates imposed for 2012 and 2013, the UCRC found that because appellant "did not provide the wage information in the specified timeframes to receive a calculated rate, even despite the fact that the employer now acknowledges that at least some individuals performed services for the employer in covered employment from 2011 to the present," appellant was correctly assigned the penalty rate pursuant to R.C. 4141.25 and 4141.26. (UCRC Decision on 2012 Rate at 5; UCRC Decision on 2013 Rate at 5.)

{¶ 7} Regarding the director's reconsidered decision addressing individuals who provided services to appellant covered in employment, UCRC concluded that, pursuant to R.C. 4141.01(B)(1) and Ohio Adm.Code 4141-3-05 and viewing the totality of the

circumstances, appellant exercised direction and control over the truck drivers, office workers, sales staff, and an individual who provided financial services. The UCRC notes that Petrlich acknowledged that the office workers should have been classified as employees. As to the truck drivers, the UCRC cited a variety of factors showing discretion and control by appellant, including that none of the individuals owned the trucks that they operated, appellant paid for liability insurance for all drivers, appellant reimbursed expenses of the drivers, and appellant took disciplinary actions against a driver. The UCRC further notes:

> [Appellant's] primary concern in this case seems to be that the auditor, Ms. Earl, did not perform her job in an appropriate manner. In other words, [appellant's] concerns seem to be more procedural in nature. [Appellant] has produced very little evidence regarding the substantive nature of Ms. Earl's findings, and [appellant] has not produced evidence to establish that Ms. Earl's primary findings regarding the covered employment issues in this case were incorrect.

(UCRC Decision on Covered Employees at 7.)

{¶ 8} Appellant appealed the decisions of the UCRC to the Franklin County Court of Common Pleas, and on appellee's motion, the cases were consolidated. Appellant based its appeal of the UCRC's decision on three grounds: the decisions were not supported by reliable, probative, or substantive evidence; the evidence proffered during the hearing should not have been admitted in the form in which it was presented; and the decisions were not in accordance with due process. The trial court upheld the decisions of the UCRC. In doing so, the trial court states that "[a]ppellant's brief in this matter * * * does not argue that the ODJFS or [UCRC's] findings of fact are actually wrong. Instead, [a]ppellant attacks the [UCRC] decisions on essentially procedural and due process grounds." (Mar. 22, 2016 Trial Court Decision to Affirm and Final Judgment at 3-4.) In resolving the appeal, the trial court found that appellant presented nothing to dispute the factual findings made by the ODJFS or the UCRC, that appellant's due process rights were not violated by the admission of hearsay evidence or by the contacting of appellant directly during the audit, and that after an independent review of the record, the UCRC's decisions are in fact supported by reliable, probative, and substantial evidence. Appellant filed a timely appeal to this court.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}  Appellant presents two assignments of error for our review:

[1.] The trial court committed reversible error by permitting testimony from an advocate representing the Ohio Department of Job and Family Services to be used as evidence, which formed the basis for the Department's adverse determination against Appellant.

[2.] The trial court committed reversible error by erroneously indicating that MNH failed to dispute the Director's factual findings.

## III.  STANDARD OF REVIEW

{¶ 10}  This court recently set forth the applicable standard of review as follows:

The standard of review for appeals from decisions of the UCRC is found in R.C. 4141.26(D)(2), which states that a common pleas court may affirm UCRC's decision where it is "supported by reliable, probative, and substantial evidence and is in accordance with law."  A court of appeals' review of an administrative agency's ruling "is more limited than that of a common pleas court. This court does not weigh the evidence." *Kate Corp. v. Ohio State Unemp. Comp. Rev. Comm.*, 10th Dist. No. 03AP-315, 2003-Ohio-5668, ¶ 7, citing *Childs v. Oil & Gas Comm.*, 10th Dist. No. 99AP-626, 2000 Ohio App. LEXIS 1242 (Mar. 28, 2000), citing *Lorain City Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 533 N.E.2d 264 (1988).  "Although appellate courts are not permitted to make factual findings or weigh the credibility of the witnesses, the court does have a duty to determine whether the board's decision is supported by the evidence in the record." *Pennex Aluminum Co., LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-446, 2014-Ohio-5308, ¶ 10, citing *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 696, 1995 Ohio 206, 653 N.E.2d 1207 (1995).

Thus, a court of appeals determines only if the common pleas court abused its discretion. *Tzangas* at 696-97. * * *

However, where a R.C. 4141.26(D)(2) appeal raises legal issues, our review is de novo. *Slats & Nails Pallets, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-690, 2015-Ohio-1238, ¶ 8, citing *Hayward v. Summa Health*

> *Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913,
> ¶ 23, 11 N.E.3d 243.

*Senco Brands, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 15AP-796, 2016-Ohio-4769, ¶ 11-13.

## IV. DISCUSSION

### A. First Assignment of Error

{¶ 11} Under the first assignment of error, appellant contends that the trial court abused its discretion by permitting an attorney for ODJFS to testify at the administrative hearing regarding the attorney's conversation with the person who conducted appellant's audit in this matter and by basing its decision on such testimony. Although it is not entirely clear, appellant's argument seems to incorporate both rules of evidence and due process protections as a means to eliminate evidence relied on by the UCRC to support its decision. For the following reasons, we disagree with appellant.

{¶ 12} "Although administrative appeals to government agencies are required to comport with fundamental aspects of due process, they are not judicial proceedings." *Rudd v. Ohio Dept. of Job & Family Servs.*, 2d Dist. No. 2015-CA-9, 2015-Ohio-3796, ¶ 13. As a general rule, administrative agencies are not bound by the strict rules of evidence applied in court. *H.K. Trading Ctr., Inc. v. Liquor Control Comm.*, 10th Dist. No. 09AP-293, 2010-Ohio-913, ¶ 41. For example, "[s]tatements or evidence that would be excluded as hearsay elsewhere are admissible in an administrative proceeding where they are not inherently unreliable and are sufficient to constitute substantial, reliable, and probative evidence." *Harr v. Jackson Twp.*, 10th Dist. No. 10AP-1060, 2012-Ohio-2030, ¶ 24, fn. 1, *discretionary appeal not allowed*, 132 Ohio St.3d 1533, 2012-Ohio-4381. *See also Rudd* at ¶ 14. Furthermore, to comport with due process in an administrative hearing, the state agency must afford "notice and hearing, that is, an opportunity to be heard." *Korn v. State Medical Bd.*, 61 Ohio App.3d 677, 684 (10th Dist.1988), citing *Luff v. State*, 117 Ohio St. 102 (1927).

{¶ 13} Here, the testimony offered by the attorney for ODJFS is essentially a description of the exhibits offered for submission and an explanation of the director's reconsidered decisions. Such testimony was supported by affidavits establishing the

accuracy of the exhibits, and the attorney declined to testify further based on her conversations with the auditor and compliance examiner.

{¶ 14} Considering the limited scope of this testimony and its reliability based on the affidavits, the trial court did not err by finding that UCRC properly admitted what appellant characterizes as hearsay evidence. Furthermore, on an independent review of appellant's related due process concerns, we do not find that the UCRC's decision to allow the specific testimony in this case deprived appellant of an opportunity to be heard such that his due process rights were violated. Considering all the above, we find that on the facts of this case, the trial court did not abuse its discretion in permitting the issue here as evidence.

{¶ 15} Moreover, contrary to appellant's assignment of error, we find no indication that the testimony of ODJFS' attorney was dispositive to the UCRC decision. As described above, the testimony of ODJFS' attorney is essentially a duplication of the exhibits and affidavits. Even if the testimony of the attorney is removed from consideration here, the exhibits, affidavits, and Petrlich's own testimony support the decision of the UCRC. As such, appellant's argument does not constitute reversible error in this case.

{¶ 16} Accordingly, for all the above reasons, appellant's first assignment of error is overruled.

### B.  Second Assignment of Error

{¶ 17} Under the second assignment of error, appellant contends that the trial court committed reversible error by indicating that appellant failed to dispute the director's findings.

{¶ 18} Appellant takes issue with the trial court's assertions that "[a]ppellant's brief in this matter * * * does not argue that the ODJFS or [UCRC's] findings of fact are actually wrong" and "[appellant] has presented nothing that disputes the factual finding made by the ODJFS or the [UCRC]." (Trial Court Decision to Affirm and Final Judgment at 3, 6.) Appellant argues in its memorandum in support of its appeal that it did make two objections to the findings of fact, including the auditor's "characterization of [appellant's] misclassifying its workers," and "[appellant's] appeals, which challenged both the issue of worker classification and its subsequent penalty rates." (Brief of Appellant at 9.)

{¶ 19} However, even if appellant's assertion is true that the trial court erroneously indicated that appellant failed to dispute the director's findings, the trial court ultimately did review this issue.  The trial court states: "Furthermore, the Court has done an independent review of the record in this matter and finds that the [UCRC's] three decisions are in fact supported by reliable, probative, and substantial evidence."  (Trial Court Decision to Affirm and Final Judgment at 6.)  Therefore, appellant's argument, even if correct, does not constitute reversible error here, and, as a result, the assignment of error lacks merit.

{¶ 20} Accordingly, appellant's second assignment of error is overruled.

## V.  CONCLUSION

{¶ 21} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

_____