[Cite as *State v. Hieber*, 2020-Ohio-3210.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals Nos. L-19-1136
                                                                              L-19-1154
        Appellee

v.                                                        Trial Court No. CR0201901503

Jesse Hieber                                      **DECISION AND JUDGMENT**

        Appellant                              Decided:  June 5, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Drew E. Wood, Assistant Prosecuting Attorney, for appellee.

Brian Morrissey, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from a July 3, 2019 judgment of the Lucas

County Court of Common Pleas, sentencing appellant to a 33-month total term of

incarceration, following appellant's convictions on three counts of the illegal use of a

minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3),

all counts being felonies of the fifth degree.

{¶ 2} Appellant's indictment stemmed from a United States Department of Homeland Security investigation which discovered crimes pertaining to online child pornography. They identified several culpable parties, including appellant.

{¶ 3} The investigation recovered a large volume of child pornography, including multiple sexually-oriented videos and messages, depicting children ranging in age from infants to teens, in a sexualized fashion and/or engaged in explicit sexual acts with adult men, from appellant's mobile devices. For the reasons set forth below, this court hereby affirms the judgment of the trial court.

{¶ 4} Appellant, Jesse Hieber, sets forth the following three assignments of error:

The trial court's sentence is contrary to the purposes of the felony sentencing factors contained in R.C. 2929.11 and 2929.12.

The trial court committed error to the prejudice of appellant by not advising him of his ability to pay costs through community service as required by R.C. 2947.23.

The trial court did not properly advise appellant of the requirements of registering as a sex offender.

{¶ 5} The following undisputed facts are relevant to this appeal. In January of 2018, in the course of an investigation, the United States Department of Homeland Security discovered evidence of child pornography felony offenses involving appellant.

2.

{¶ 6} Accordingly, the investigating agents secured a search warrant for appellant's mobile devices. Investigators focused upon appellant's Facebook account activity, including his Facebook messenger app.

{¶ 7} In the course of the search, the agents recovered multiple child pornography videos and messaging from appellant's Facebook account and related apps. The unlawful materials recovered included pornographic images and video recordings of children engaged in various sexual acts with adult males and/or being posed in a graphic sexual manner.

{¶ 8} The victims ranged from an infant girl, approximately one year of age, positioned with her legs placed apart so as to display the infant in a graphic sexual manner, to pornographic videos in which pre-pubescent girls were engaged in varying forms of intercourse with one or more adult males, as well as videos of minor females engaged in masturbation.

{¶ 9} On March 21, 2019, as a result of the above-described investigation, appellant and a co-defendant were indicted on six counts of the illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3), all offenses being felonies of the fifth degree.

{¶ 10} On June 3, 2019, at appellant's request, the trial in this case was continued in order to explore a voluntary plea agreement. On June 19, 2019, pursuant to a negotiated plea, appellant entered pleas of guilty to three counts of illegal use of a minor

in nudity-oriented material or performance, in violation of R.C. 2907.323, all felonies of the fifth degree.

{¶ 11} On July 3, 2019, appellant was sentenced to serve 11 months on each of the three counts, ordered to be served consecutively, totaling a 33-month term of incarceration. In support of the sentence imposed, the trial court underscored the graphic, disturbing, and dangerous nature of the offenses, involving minor victims, ranging from infants to teens, being used in the production of online child pornography materials.

{¶ 12} Given considerable aggravating circumstances, and the record reflecting a dearth of mitigating circumstances, appellant was sentenced to a 33-month total term of incarceration. This appeal ensued.

{¶ 13} In the first assignment of error, appellant asserts that the above-described felony sentence should be deemed unlawful, in violation of the R.C. 2929.11 and 2929.12 purposes of felony sentencing. We do not concur.

{¶ 14} It is well-established, pursuant to R.C. 2953.08(G)(2), that an appellate court may increase, decrease, modify, or vacate and remand, a disputed trial court felony sentence if it is demonstrated by clear and convincing evidence that either the record of evidence did not support applicable statutory findings or the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 15} R.C. 2929.11(A) establishes, in relevant part, "The overriding purposes of felony sentencing are to protect the public from future crime by the offender, to punish

4.

the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes."

{¶ 16} In conjunction with the above, R.C. 2929.12(A) establishes, in relevant part, "A court that imposes a sentence under this chapter upon an offender for a felony *has discretion to determine the most effective way* to comply with the purposes and principles of sentencing." (Emphasis added.)

{¶ 17} Appellant's principal assertion in support of this assignment is that, "Appellant has never been to prison," thereby concluding that the disputed sentence would, "[S]hock the sense of justice in the community."

{¶ 18} In addition, appellant concludes that, "[C]ommunity control would be the most effective way to achieve the purposes of felony sentencing [in this case]."

{¶ 19} We note that appellant furnished no evidence in support of the above-quoted conclusions underlying appellant's first assignment of error.

{¶ 20} The record shows that, consistent with the chief aggravating circumstances of this case, involving child pornography, multiple sexual offenses, and multiple child victims, the trial court determined, in relevant part, "The court finds that the defendant is not amenable to community control and that prison is consistent with the purposes of 2929.11, further finding of course that these are sex offenses."

{¶ 21} Contrary to appellant's assertion that the trial court sentence was in breach of R.C. 2929.11 and 2929.12, the transcript of the sentencing proceedings reflects that the trial court properly undertook these statutory considerations.

{¶ 22} Appellant has not submitted evidence demonstrating that the sentence in this case is contrary to R.C. 2929.11 and 2929.12.

{¶ 23} Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 24} In the second assignment of error, appellant maintains that the trial court erred in connection to the imposition of costs in this case. We do not concur.

{¶ 25} Specifically, appellant mistakenly suggests that R.C. 2947.23(A)(1)(a) mandates that the trial court uniformly inform all felony defendants of the possibility of the performance of community service hours in satisfaction of the costs imposed.

{¶ 26} On the contrary, the plain language of the statutory provision relied upon by appellant is conditional, and is inapplicable to the facts of this case. R.C. 2947.23(A)(1)(a) establishes that in cases in which community control, rather than residential incarceration is imposed, and the non-incarcerated felon fails to tender the payment of the costs imposed, the court may then impose community service hours to satisfy the unpaid costs.

{¶ 27} Stated differently, pursuant to R.C. 2947.23(A)(1)(a), only in those cases involving a non-residential sanction must the defendant be notified at sentencing of the possibility of the imposition of community service hours, in the event of non-payment of costs.

6.

{¶ 28} R.C. 2947.23(A)(1)(a) establishes, in pertinent part, "If the judge or magistrate imposes a community control sanction or other non-residential sanction, the judge or magistrate * * * shall notify the defendant * * * [that] the court may order the defendant to perform community service until the judgment is paid."

{¶ 29} The record clearly reflects that this conditional community service notification mandate is inapplicable to the instant case. In this case, appellant was sentenced to incarceration, rather than community control, or other form of nonresidential sanction. As such, the community service notification mandate of R.C. 2947.23(A)(1)(a) does not apply to this case.

{¶ 30} Accordingly, we find appellant's second assignment of error not well-taken.

{¶ 31} In appellant's third assignment of error, appellant asserts that the trial court erred in connection to notifying appellant of the statutory punitive consequences of the applicable sex offender registration. We do not concur.

{¶ 32} In support of the third assignment of error, appellant maintains, without evidentiary support, that the failure to notify a sex offender at sentencing that their name will subsequently be included on the public safety website database listing convicted sex offenders with child victims constitutes a violation of R.C. 2950 sentencing notification requirements.

{¶ 33} While both parties cite to the decision of this court in *State v. Ragusa*, 6th Dist. No. L-15-1244, 2016-Ohio-3373, we note that the Supreme Court of Ohio decision

7.

in *State v. Dangler*, Slip Opinion No. 2020-Ohio-2765, now governs our consideration of this assignment.

{¶ 34} *Dangler* held that this district's interpretation of each aspect of the sex-offender classification scheme as a discrete criminal penalty was misplaced. Rather, the threshold question to be considered is whether the classification of an offender as a sex offender, and the obligations that accompany that classification, are part of the penalty being imposed upon the defendant for the crime. *Dangler* at ¶ 18.

{¶ 35} The trial court in *Dangler*, similar to the trial court in the instant case, failed to completely and separately go over R.C. 2950 restrictions at sentencing. However, *Dangler* held that, because the appellant was advised that he was subject to the restrictions imposed by R.C. 2950, the trial court did not completely fail to comply with the Crim.R. 11(C)(2)(a) maximum-penalty advisement requirement. *Dangler* at ¶ 22.

{¶ 36} Accordingly, *Dangler* held that the appellant could only prevail by establishing that he would not have pled no contest, but for the trial court's failure to more thoroughly explain the R.C. 2950 sex-offender classification scheme, thereby showing prejudice. *Id.* at ¶ 24.

{¶ 37} In conjunction with this, prejudice must be established, "on the face of the record." *Hayward v. Summa Heath Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243.

8.

{¶ 38} Like the court in *Dangler*, we similarly find nothing in the record showing that the appellant in this case would not have entered his plea had he been more thoroughly informed of the details of the R.C. 2950 sex-offender classification scheme.

{¶ 39} Wherefore, in accord with *Dangler*, we find appellant's third assignment of error not well-taken.

{¶ 40} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.