[Cite as *State v. Whaley*, 2022-Ohio-188.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                   :

                                      No. 110486

    v.                                                    :

ANTHONY WHALEY,                            :

    Defendant-Appellant.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 27, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643906-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee.*

Jonathan N. Garver, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Anthony Whaley ("Whaley"), appeals from his convictions, raising the following assignment of error for review:

> Appellant's guilty pleas must be vacated because the trial court committed prejudicial error, prior to accepting his guilty pleas, by providing appellant with inaccurate information concerning the

minimum and maximum penalties he was facing, contrary to Crim.R. 11(C) and in violation of his constitutional right to due process of law.

{¶ 2} After careful review of the record and relevant case law, we affirm Whaley's convictions.

## I. Procedural and Factual History

{¶ 3} In November 2019, Whaley was named in a seven-count indictment, charging him with four counts of rape in violation of R.C. 2907.02(A)(1)(b), with sexually violent predator specifications; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), with sexually violent predator specifications; and a single count of sexual battery in violation of R.C. 2907.03(A)(5), with a sexually violent predator specification. The indictment stemmed from allegations that Whaley sexually abused two minor victims between August and October 2017.

{¶ 4} In August 2020, Whaley expressed his desire to withdraw his former pleas of not guilty and accept the terms of a negotiated plea agreement with the state. Following a Crim.R. 11 colloquy, Whaley pleaded guilty to two amended counts of rape in violation of R.C. 2907.02(A)(2) (Counts 1 and 5) and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) (Counts 4 and 7). In exchange for his guilty pleas, the state agreed to dismiss the remaining counts of the indictment. In addition, the state agreed to delete the sexually violent predator specifications previously attached to Counts 1, 4, 5, and 7.

{¶ 5} At sentencing, the trial court sentenced Whaley to 10 years in prison on the rape offense charged in Count 1, 5 years in prison on the gross sexual imposition

offense charged in Count 4, 3 years in prison on the rape offense charged in Count 5, and 3 years in prison on the gross sexual imposition offense charged in Count 7. The trial court ordered the sentences imposed on rape offenses to be served consecutively to each other, for an aggregate 13-year prison term.

{¶ 6} Whaley now appeals from his convictions.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, Whaley argues the trial court failed to ensure that his guilty pleas were knowingly, intelligently, and voluntarily made. Whaley contends that he was prejudiced by the trial court's inaccurate explanation of the maximum and minimum penalties he faced on each felony offense.

{¶ 8} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 9} In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

**{¶ 11}** The traditional rule, however, is subject to two limited exceptions. *Id.* at ¶ 14-16. Under these two exceptions, no showing of prejudice is required when (1) a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, or (2) a trial court has completely failed to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero* at 108.

**{¶ 12}** Thus, when reviewing a trial court's compliance with Crim.R. 11, the inquiry no longer focuses on strict, substantial, or partial compliance with the rule. *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 12 (8th Dist.). As the Supreme Court of Ohio recognized in *Dangler,* prior caselaw had "muddled [the] analysis by suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Id.* at ¶ 17. Accordingly, the questions to be answered are as follows:

(1) has the trial court complied with the relevant provision of the rule?

(2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and

(3) if a showing of prejudice is required, has the defendant met that burden?

*Id.*

**{¶ 13}** In this case, Whaley argues that his plea was not knowingly and intelligently made because the trial court provided inaccurate information regarding the minimum and maximum penalties he faced by pleading guilty to first- and third-degree felony offenses. Whaley's position relies on several statements made by the trial court at the onset of the plea hearing. Specifically, the record reflects that *prior* to its Crim.R. 11 colloquy, the trial court set forth the terms of the proposed plea agreement on the record and asked the parties to confirm whether the court's summation was consistent with their understanding of the agreement. The parties confirmed their understanding of the plea agreement. Appellant, however, sought clarification on the applicable sentencing range and asked whether he faced a minimum prison term of three years. At that time, the following exchange occurred on the record:

> TRIAL COURT: Well, the minimum would be three years if I was to run everything concurrent to each other. The maximum that you would be looking at would be 22 years. So that's — that's the range that's before you right now. Do you understand that?
>
> WHALEY: Yes, sir.
>
> * * *
>
> TRIAL COURT: Okay. So the plea agreement, just so we're all clear, is a sentencing range of anywhere from a minimum of three years up to a potential of 22 years. You got that, right?
>
> WHALEY: Yes.

(Tr. 5-7.)

{¶ 14} As discussed, Whaley pleaded guilty to two counts of rape, felonies of the first degree, and two counts of gross sexual imposition, felonies of the third degree. On the first-degree felony offenses, Whaley faced a definite prison term of three, four, five, six, seven, eight, nine, ten, or eleven years based on the time the offenses were committed. R.C. 2929.14(A)(1)(b). On the third-degree felony offenses, Whaley faced a definite prison term of "twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." R.C. 2929.14(A)(3)(a).

{¶ 15} Applying the unambiguous language contained in R.C. 2929.14, Whaley correctly states that the trial court inaccurately indicated that he faced up to 22 years in prison if the offenses were run consecutively to each other. Nevertheless, the record further reflects that despite the trial court's initial statement regarding the potential sentencing range at the onset of the plea hearing, the trial court provided a more extensive advisement regarding the applicable sentencing ranges during the Crim.R. 11 colloquy. In relevant part, the court made the following advisements prior to accepting Whaley's guilty pleas:

> TRIAL COURT: Count 1 of the indictment would be amended to rape, felony of the first degree, in violation of 2907.02(A)(2) with the deletion of the sexual violent predator specification. That would carry a mandatory prison sentence of anywhere from 3 to 11 years and up to a $20,000 fine. Do you understand that?
>
> WHALEY: Yes, sir.

TRIAL COURT: Count 4 is gross sexual imposition, a felony of the third degree that carries a potential penalty of one, two, three, four, or five years in prison and up to a $15,000 fine. Do you understand that?

WHALEY: Yes, sir.

TRIAL COURT: Count 5 is rape in violation of 2907.02(A)(2), again a felony of the first degree, mandatory prison time, anywhere between 3 and 11 years and up to a $20,000 fine. Do you understand that?

WHALEY: Yes, sir.

TRIAL COURT: Count 7 is gross sexual imposition, felony of the third degree, in violation of 2907.05(A)(4). That is a high-tier felony of the third degree; a sentence between one, two, three, four, and five years in prison and up to a $15,000 fine.

If I was to run all those counts concurrent to one another, the minimum sentence would be three years in prison. If I were to run them consecutive to one another, you face up to 32 years in prison and up to a $70,000 fine. Do you understand that?

WHALEY: Yes, sir.

* * *

TRIAL COURT: Okay. And, sir, do you have any questions now regarding any of the rights you're forfeiting, the potential consequences that you face, including that this is mandatory prison time, five years mandatory postrelease control, tier III sexual registration? Do you have any questions regarding any of those penalties or the rights that you're forfeiting here today?

WHALEY: No.

(Tr. 12-16.)

{¶ 16} Consistent with the foregoing advisements, our review of the record reflects that the trial court engaged in a detailed Crim.R. 11 colloquy to ensure that Whaley understood the terms of his plea agreement and the constitutional rights he

would be waiving by entering pleas of guilty. The trial court correctly advised Whaley of the prison ranges associated with each first- and third-degree felony offense and reviewed the applicable postrelease control and sex-offender registration requirements. Whaley expressly stated that he understood the penalties he faced and indicated that he had no questions for the court. Finally, Whaley stated that he was satisfied with his attorney and that his decision to enter into the plea agreement was not the product of any promises or threats. Taken at face value, the record suggests that Whaley fully understood the maximum penalties he faced before entering pleas of guilty to each felony offense.

{¶ 17} With that said, however, this court recognizes that the trial court's advisement of the applicable penalties during the Crim.R. 11 colloquy was inconsistent with the court's previous discussion of the applicable prison range. The court's prior reference to a 3- to 22-year sentencing range was inaccurate and potentially misleading. It is possible Whaley expressed that he understood the trial court's accurate advisement of the applicable penalties during the Crim.R. 11 colloquy while still believing that he was only subject to a 3- to 22-year sentencing range. The record is ambiguous on this issue. Yet, even if this court were to conclude that the trial court's inconsistent statements rendered its maximum penalty advisement insufficient, we find the error did not equate to a complete failure to comply with Crim.R. 11(C)(2)(a). Consequently, in order to have his guilty plea vacated, Whaley must establish that he was prejudiced by the trial court's incomplete or inaccurate advisement.

**{¶ 18}** After a thorough review of the plea proceedings, we are unable to conclude that Whaley has satisfied his burden of persuasion. Here, Whaley entered into a favorable plea agreement that greatly reduced the potential sentence he faced. *See* R.C. 2907.02(A)(1)(b); 2907.02(B); 2941.148. As noted by the state during the plea hearing, Whaley faced a potential sentence of life without the possibility of parole given the age of the victims and the nature of the offenses set forth in the original indictment. (Tr. 6-7.) Furthermore, the trial court imposed an aggregate sentence that was within the 3- to 22-year sentence referenced by the court prior to the Crim.R. 11 colloquy. Under these circumstances, we find nothing in the record to suggest Whaley would not have entered his pleas had the court correctly explained the applicable penalties at the time it was confirming Whaley's understanding of the negotiated plea agreement. Whaley, therefore, is not entitled to have his guilty plea vacated.

**{¶ 19}** Whaley's sole assignment of error is overruled.

**{¶ 20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR